Frank PRAVDA, Plaintiff,

v.

CITY OF ALBANY, NEW YORK; County of Albany, New York; City Council of the City of Albany; Albany County Legislature; City of Albany Police Department; Albany County Sheriff's Department; Albany County Department of Health; Albany County Mental Health Department; City of Albany Court; Albany County Mental Health Board; E. David Duncan, Albany City Court Judge; John Dale, Chief of Police; Gerald D. Jennings, Mayor of City of Albany; 610 Guerro, 550 Miller, 418 Fox, Max Tanner, Officer; Edward W. Szostak, John J. Fahey, Former Commissioner of Mental Health; Michael J. Hoblock Jr., Former County Executive; Frank Muia; 814 London; 105 Forkeutis; Steven De-Hart; James Campbell, John Does # 1– # 17, and Jane Roe, Defendants.

95–CV–1813 (FJS) (DRH).

United States District Court,
N.D. New York.

Feb. 11, 1997.

Frank Pravda, Saratoga Springs, NY, pro se.

Dennis C. Vacco, Attorney General, State of New York, Albany; NY, for Defendants Albany City Court and Albany City Court Judge E. David Duncan; David G. Roberts, AAG, of counsel.

Maynord, O'Connor, Smith Catalinotto & D'Agostino, Albany, NY, for Defendant Steven L. DeHart; Jeffrey E. Hurd, of counsel.

Cusick, Hacker & Murphy, Latham, NY, for Defendants Albany County, Albany County Legislature, Albany County Sheriff's Department, Albany County Department of Health, Albany County Mental Health Department, Albany County Mental Health Board, Max Tanner, an alleged employee of the Albany County Correctional Facility, Edward Szostak, John Fahey, the former Commissioner of Mental Health, and Michael J. Hoblock, the former County Executive; Roger J. Cusick, of counsel.

Vincent J. McArdle, Jr., Corporation Counsel, City of Albany, City Hall, Albany, NY, for Defendants City of Albany, City Council for the City of Albany, City of Albany Police Department, John Dale, Gerald D. Jennings; Jane C. Schneider, of counsel.

Bohl, Della Rocca Law Firm, Albany, NY, for Defendant Muia; Joseph Muia, Jr., of counsel.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

This is a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that various individuals, government entities, and government officials violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff also claims that the Defendants entered into a conspiracy to violate his rights in violation of 42 U.S.C. §§ 1985(2) & 1985(3). Finally, Plaintiff asserts state law claims for assault, battery, and negligence.[1]

---

1. The Court could dismiss this action pursuant to Fed.R.Civ.P. 8(a) for Plaintiff's failure to plead a short and plain statement of his claims. Plaintiff's complaint contains some 292 paragraphs and is 70 pages long. *See Ausherman v. Stump,* 643 F.2d 715 (10th Cir.1981) (affirming a district court's dismissal of a complaint consisting of 63 pages and nine pages of attachments under Fed. R.Civ.P. 8(a)). In addition, although Plaintiff randomly mentions the First and Eighth Amendments in his Complaint, interpreting Plaintiff's complaint in a light most favorable to the Plaintiff, the Court finds that Plaintiff's allegations are

The Defendants in this case can be divided into three groups, (1) the City of Albany Defendants,[2] (2) the County of Albany Defendants,[3] and (3) Frank Muia.[4] In their Answer, the City of Albany Defendants assert a cross-claim against the County of Albany Defendants, and Defendant Frank Muia asserts a cross-claim against the City of Albany and County of Albany Defendants in his Answer.

## Factual Background

This action arises out of Plaintiff's arrest and subsequent detention for six days in the Albany County Correctional Facility. Plaintiff was arrested on September 20, 1994, following a heated dispute with Defendant Muia over a parking spot. Plaintiff claims that Defendant Muia bent Plaintiff's car radio antenna in retaliation for Plaintiff taking a parking spot Muia was saving for another car. Defendant Muia, however, claims that he grabbed Plaintiff's antenna as Plaintiff drove over Muia's foot.

Following an investigation by Defendant Guerrero, a Police Officer employed by the City of Albany, Plaintiff was arrested and charged with Reckless Endangerment in the Second Degree. Plaintiff claims he was arrested and prosecuted without probable cause. Plaintiff also claims that the City of Albany Police Officers involved in his arrest, and County of Albany Corrections Officers involved in his subsequent detention, threatened Plaintiff with physical harm and used excessive physical force against him. Plaintiff seeks two hundred million dollars in compensatory damages and sixty million dollars in punitive damages.

## Discussion

There are four motions presently before the Court: (1) Plaintiff's motion to disqualify the undersigned judge from presiding over this action, (2) a motion for judgment on the pleadings as to Plaintiff's claims by the County of Albany Defendants, (3) a motion to dismiss Plaintiff's excessive force and state law claims, and for summary judgment on Plaintiff's false arrest and malicious prosecution claims and Defendant Muia's cross-claims, by the City of Albany Defendants,[5] and (4) a motion for summary judgment by Defendant Muia on Plaintiff's claims against him. The Court will address these motions *seriatim.*

## I. Disqualification

The Court will first address Plaintiff's motion to disqualify the undersigned judge from presiding over this action. Plaintiff seeks the undersigned's recusal on two grounds. First, Plaintiff argues that the undersigned must recuse himself from this action because his office opposed Plaintiff in a civil action Plaintiff brought against the United States while the undersigned was the United States Attorney for the Northern District of New

most appropriately analyzed under the Fourth, Fifth and Fourteenth Amendments.

**2.** The City of Albany Defendants include the City of Albany, the City Council for the City of Albany, the City of Albany Police Department, John Dale, Chief of Albany Police, Gerald D. Jennings, Mayor of the City of Albany, 610 Guerrero, 550 Miller, 418 Fox, 814 London, and 105 Forkeutis.

**3.** The County of Albany Defendants include the County of Albany, the Albany County Legislature, the Albany County Sheriff's Department, the Albany County Department of Health, the Albany County Mental Health Department, the Albany County Mental Health Board, Max Tanner, an employee of the Albany County Correctional Facility, Edward Szostak, Superintendent of the Albany County Correctional Facility, John Fahey, the former Commissioner of Mental Health, and Michael J. Hoblock, the former County Executive.

**4.** By Order dated March 25, 1996, the Court dismissed Plaintiff's claims against the Albany City Court, Albany City Court Judge E. David Duncan, and Steven DeHart for the reasons stated in the record on March 21, 1996, in Syracuse, New York.

**5.** Note, the City Defendants ask the Court to dismiss Plaintiff's claims against John Does ## 1–5, 16, and 17, all of whom are apparently unidentified City of Albany Police Officers, on the ground that the time to join these individuals as Defendants in this action has passed. This argument is unavailing. The Plaintiff does not have to bring an application to "join" these unidentified individuals as defendants in this action because they are already defendants in this case. However, Plaintiff does not have an unlimited amount of time to identify and serve these Defendants and his claims may be subject to dismissal at some point in the future if the unidentified officers are not served with process.

York. Second, Plaintiff argues that the undersigned harbors a personal bias against Plaintiff because the undersigned dismissed Plaintiff's claims against Defendants Duncan, DeHart, and the Albany City Court during a motion calendar held in Syracuse on March 21, 1996.

■ Motions for recusal are governed by 28 U.S.C. § 455, and are committed to the sound discretion of the district court. *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir.1992). Section 455(a) states that a judge shall disqualify himself if his "impartiality might reasonably be questioned." In addition, a trial judge must disqualify himself if "he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning *the proceeding* or expressed an opinion on the merits of the particular case or controversy." 28 U.S.C. § 455(b)(3); *see also, United States v. Gipson*, 835 F.2d 1323 (10th Cir. 1988) (involving trial judge who was a former United States Attorney) (emphasis added).

■ As stated, Plaintiff's first argument is that the undersigned should recuse himself because his office opposed Plaintiff in a civil action Plaintiff brought while the undersigned was the United States Attorney for the Northern District of New York. In order for Plaintiff's first argument to succeed, the prior representation must have involved the same proceeding or matter presently before the Court. The prior proceeding was a civil rights lawsuit against the President of the United States and various other defendants. The proceeding presently before the Court is completely unrelated to that matter, making § 455(b)(3) inapplicable. Furthermore, there is no basis to conclude that the undersigned's impartiality or judgment has been or will be effected or inhibited in any way by his prior service as the United States Attorney for the Northern District of New York. Therefore, the Court finds that Plaintiff's first argument lacks merit.

In his second argument, Plaintiff argues that the undersigned must disqualify himself from this action pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1), because he believes the undersigned harbors a personal bias against the Plaintiff. Plaintiff's argument is grounded in his belief that this Court surreptitiously dismissed Plaintiff's claims against Defendants Duncan, DeHart, and the Albany City Court in his absence.

■ In order to determine whether this Court's impartiality might reasonably be questioned, the Court must ask whether a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned. *United States v. Pitera*, 5 F.3d 624, 626 (2d Cir.1993) (citation omitted). The facts relating to Plaintiff's first argument are as follows: On February 7, 1996, then Defendants in this action, the Albany City Court and Albany City Court Judge E. David Duncan, filed a motion to dismiss Plaintiff's claims against them on the grounds of Eleventh Amendment immunity and absolute judicial immunity, respectively. The motion was made returnable March 21, 1996, in Syracuse. However, the Notice of Motion served on Plaintiff by the Attorney General for the State of New York indicated that the motion was returnable in Albany. On February 27, 1996, then Defendant Steven DeHart, the insurance adjuster at Plaintiff's insurance company that handled the personal injury claim Defendant Muia lodged against Plaintiff, filed a motion to dismiss and/or for summary judgment, arguing that Plaintiff's § 1983 claim should be dismissed because he did not act under color of state law or conspire with anyone acting under color of state law. DeHart also argued that Plaintiff's claims under 42 U.S.C. § 1985(2) and § 1985(3) were deficient because Plaintiff does not allege that any of the Defendants in this action acted with any class-based invidious discriminatory animus. DeHart's motion was made returnable on April 11, 1996, in Albany. Plaintiff's papers in opposition to both motions were filed February 27, 1996.[6]

6. DeHart's attorney apparently invoked the procedures of General Order # 41, which provides for the serving of moving and opposition papers according to a specific time schedule, and the

filing of all papers at the same time. While *pro se* actions are expressly exempted from the procedures of General Order # 41, Plaintiff apparently agreed use those procedures because Plain-

According to Plaintiff, he appeared in Albany on March 21, 1996, and discovered that the motion to dismiss by the Albany City Court and Albany City Court Judge Duncan returnable that day was actually returnable in Syracuse. No one appeared for oral argument in Syracuse. After carefully reviewing all the papers submitted in connection with both motions, the Court found that oral argument was unnecessary on both motions. The Court granted the motions and dismissed Plaintiff's claims against Duncan, DeHart, and the Albany City Court in a decision read into the record at that time. An Order effectuating the Court's decision was filed March 25, 1996.

Rule 7.1(h) of the Local Rules of Civil Procedure for the Northern District of New York gives the judges of this Court the discretion to dispose of matters without oral argument. Upon reading the moving and opposition papers submitted in connection with the two motions, the Court was fully satisfied that it could resolve both motions without oral argument. While the error in the Attorney's General's Notice of Motion was unfortunate, it does not render the Decision and Order of this Court invalid in any way, and it certainly does not demonstrate that the undersigned harbors any personal bias or prejudice against the Plaintiff. Thus, the Court finds that Plaintiff's second argument in support of his motion for disqualification also lacks merit. Plaintiff's motion for recusal is therefore DENIED.

## II. Motion for Judgment on the Pleadings by the County of Albany Defendants

■ Next, the Court will address the County Defendants' motion for judgment on the pleadings as to Plaintiff's claims. When considering the County Defendants' motion for judgment on the pleadings, the Court must accept all the allegations in the complaint as true, and draw all reasonable inferences in favor of the Plaintiff. *Sheppard v. Beerman,* 94 F.3d 823, 827 (2d Cir.1996). The Court will not dismiss Plaintiff's claims unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. *Id.* (internal quotations and citations omitted). When reviewing the submissions of a *pro se* plaintiff, the Court must read the plaintiff's papers liberally, and interpret them to raise the strongest arguments they suggest. *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995).

The Court will divide Plaintiff's claims against the County Defendants into the following three categories in order to more efficiently evaluate the County Defendants' motion: (A) Plaintiff's claims pursuant to 42 U.S.C. § 1985(2) and § 1985(3), (B) Plaintiff's excessive force claims, and (C) Plaintiff's state law claims.

### A. Plaintiff's Section 1985(2) and Section 1985(3) Claims

In his seventeenth cause of action, Plaintiff alleges that Defendants Edward W. Szostak, the Superintendent of the Albany County Correctional Facility, James Campbell, the Sheriff of the County of Albany, John J. Fahey, the Commissioner of the Albany County Department of Mental Health, and Michael J. Hoblock, Jr., the County Executive for the County of Albany, conspired to violate Plaintiff's rights in violation of 42 U.S.C. § 1985(2), clause 2, and § 1985(3).

■ It is well settled that a plaintiff attempting to establish a claim under 42 U.S.C. § 1985(2), clause 2, or § 1985(3), must demonstrate that the Defendant under consideration acted with class-based invidiously discriminatory animus. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 266–68, 113 S.Ct. 753, 758, 122 L.Ed.2d 34 (1993) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971)); *see also, Herrmann v. Moore,* 576 F.2d 453, 456–58 (2d Cir.1978) (dismissing claims under both 42 U.S.C. § 1985(2) and § 1985(3)).

■ In this case, Plaintiff makes conclusory allegations that the Defendants conspired to violate Plaintiff's rights because Plaintiff is allegedly "poor and disadvantaged." Plaintiff has not alleged any racial or other traditionally cognizable class based discriminatory animus. In fact, Plaintiff does not make any

tiff's opposition papers were filed on the same date as DeHart's moving papers.

allegations in his complaint that could conceivably be construed to support these claims. Therefore, the Court finds that Plaintiff's allegations are insufficient to support his claims under either § 1985(2) or § 1985(3), and the County Defendants' motion for judgment on the pleadings must be granted with respect to Plaintiff's § 1985(2) and § 1985(3) claims against Defendants Edward Szostak, James Campbell, John J. Fahey, and Michael J. Hoblock.[7]

## B. Excessive Force Claims

Next, the Court will address the County Defendants' motion for judgment on the pleadings as to Plaintiff's excessive force claims by dividing the County Defendants into three groups: (1) the Albany County Legislature, the Albany County Department of Health, the Albany County Mental Health Department, the Albany County Mental Health Board, John Fahey, Michael J. Hoblock, and Max Tanner; (2) Edward J. Szostak and James Campbell in their individual capacities; and (3) the County of Albany and Edward J. Szostak and James Campbell in their official capacities.

### 1. Albany County Legislature, Albany County Department of Health, Albany County Mental Health Department, Albany County Mental Health Board, John Fahey, and Michael J. Hoblock

A careful review of the complaint reveals that Plaintiff has not alleged any conduct whatsoever on the part of the Albany County Legislature, the Albany County Department of Health, the Albany County Mental Health Department, the Albany County Mental Health Board, John Fahey, Michael J. Hoblock, or Max Tanner that could form the basis of excessive force claims against these Defendants. Therefore, the Court finds that the County Defendants' motion for judgment on the pleadings must be granted with respect to Plaintiff's excessive force claims against all of these Defendants.[8]

### 2. Edward Szostak and James Campbell

In his complaint, Plaintiff alleges that Defendant Edward W. Szostak, as Superintendent of the Albany County Jail, was responsible for the daily administration of the Albany County Correctional Facility, and that Defendant James Campbell, the Albany County Sheriff, encouraged and tolerated the use of excessive force, and failed to adequately direct, train, and/or supervise the individual officers who allegedly used excessive force against the Plaintiff.

■ To hold an individual liable under § 1983, a plaintiff must allege facts that demonstrate the individual defendant's personal involvement in the alleged deprivation. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Personal involvement may be based

---

7. For the same reason, Plaintiff's § 1985(2) and § 1985(3) claims against the City of Albany Defendants must be dismissed for failure to state claims upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Moreover, after carefully reviewing the evidence in the record, the Court also finds that there is no genuine issue of material fact concerning Plaintiff's § 1985(2) and § 1985(3) claims against Defendant Muia. Therefore, Plaintiff's § 1985(2) and § 1985(3) claims against Defendant Muia must be dismissed as a matter of law pursuant to Fed. R.Civ.P. 56.

8. Note, insofar as the complaint can be interpreted to assert any claims against these Defendants, those claims must be dismissed. For example, Plaintiff alleges that Fahey was "responsible for the Albany County Mental Health Department," and that Defendant Hoblock was "a duly appointed Executive of the County of Albany, New York." Complaint at ¶¶ 190 & 33. These allegations are plainly insufficient to state any claims.

Moreover, Plaintiff's allegations against Defendant Max Tanner consist solely of Plaintiff's assertion that Defendant Tanner's name was at the top of an inventory sheet given to Plaintiff upon his release. Plaintiff claims that he never received any of the items listed on that inventory sheet (of course, just two paragraphs before this allegation, Plaintiff alleges that he was given his clothing and other personal effects back, except for approximately $50 in cash Plaintiff claims he had on the day he was arrested). These allegations against Defendant Tanner are wholly insufficient to state any claims against him. For example, Plaintiff does not allege that Defendant Tanner took any of Plaintiff's personal items, or that Tanner was the officer who returned those items to Plaintiff. Therefore, the Court finds that the County Defendants' motion for judgment on the pleadings must also be granted with respect to Plaintiff's claims against Defendant Tanner as well.

on allegations that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [citizens] by failing to act on information indicating that unconstitutional acts were occurring." *Id.* (citing *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986)).

■ In this case, Plaintiff alleges that he was hit in the face by John Doe # 7, a County of Albany Corrections Officer, while John Does ## 8–11, also County of Albany Corrections Officers, looked on and did nothing. Plaintiff further alleges that these officers removed his clothes and left him naked in a cell for six days. On the sixth day, Plaintiff alleges that John Does ## 12–15, also County of Albany Corrections Officers, forcibly dressed him and in the process slammed him head first against a masonry wall. Although these allegations may state excessive force claims against the individual officers, Plaintiff does not allege any facts from which the Court could reasonably infer that Defendants Szostak or Campbell participated in this alleged mistreatment, were present when it allegedly occurred, knew about it, or were grossly negligent in any way. In fact, Plaintiff merely offers conclusory allegations that Defendants Szostak and Campbell were responsible for supervising the officers involved in the alleged mistreatment, and that they were responsible for setting County policy. Such conclusory allegations are insufficient to establish the personal involvement of these individual Defendants in Plaintiff's alleged constitutional deprivations.

Therefore, the Court finds that County Defendants' motion for judgment on the pleadings must also be granted as to Plaintiff's excessive force claims against Defendants Szostak and Campbell.

### 3. County of Albany and Defendants Szostak and Campbell in their Official Capacities

Finally, Plaintiff alleges that the County of Albany, by and through its officials including Defendants Szostak and Campbell, maintained a policy and practice of using excessive force against pre-trial detainees. In this case, Plaintiff alleges that the County has a policy and practice of employing officers who use excessive force, and that the County has a policy of covering up the unconstitutional use of excessive force.

■ To hold a municipality liable under § 1983, a plaintiff must show that the violation of his constitutional rights resulted from a municipal policy or custom. *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978)). "The mere assertion ... that a municipality has ... a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Id.* at 100.

■ In this case, Plaintiff's allegations of a policy or custom are not supported by any factual allegations other than allegations concerning his own mistreatment, and Plaintiff does not allege any direct participation by a high ranking policy making official. It is well settled that "a single incident alleged in a complaint, especially if it involved only actors below the policy making level, generally will not suffice to raise an inference of the existence of a custom or policy." *Powell v. Gardner*, 891 F.2d 1039, 1045 (2d Cir.1989). Therefore, after carefully reviewing the complaint, the Court finds that the County Defendants' motion for judgment on the pleadings must also be granted with respect to Plaintiff's excessive force claims against the County of Albany and Defendants Szostak and Campbell in their official capacities.

### C. Plaintiff's State Law Claims

Finally, the Court turns to Plaintiff's state law claims against the County of Albany itself. Although the County does not provide the Court will any specific arguments in sup-

port of the motion for judgment on the pleadings with respect to Plaintiff's assault and battery claims against the County of Albany itself under the doctrine of respondeat superior, the County does ask the Court to dismiss Plaintiff's complaint in its entirety as against all of the County Defendants. Therefore, the Court will briefly evaluate Plaintiff's state law claims against the County Defendants.

In Plaintiff's final ten causes of action, he asserts both assault and battery and negligence claims against various Defendants in this action.[9] With respect to the County of Albany Defendants, Plaintiff asserts claims for assault and battery against John Does ## 6, 7–11, and 12–15, all of whom are allegedly County of Albany Correctional Officers. As stated, Plaintiff also asserts a claim for assault and battery against the County of Albany itself under the doctrine of respondeat superior.[10]

Under New York Law, an "assault" is the intentional placing of another person in fear of imminent harmful or offensive contact. *United Nat. Ins. v. Waterfront NY Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993) (citations omitted). A "battery" is an intentional wrongful physical contact with another person without consent. *Id.* In his complaint, Plaintiff alleges that upon arriving at the County of Albany Correction Facility, John Doe # 6 denied Plaintiff's request to use the phone, and John Doe # 7 hit Plaintiff in the face without any provocation, (while John Does ## 8–11 looked on and did nothing). Plaintiff also alleges that John Does ## 7–11 injured Plaintiff when they violently removed his clothes, and that John Does ## 12–15 injured Plaintiff by slamming his head into a masonry wall as they were trying

to dress him. Although Plaintiff's allegations against John Doe # 6 are clearly insufficient to state assault or battery claims, the Court cannot say the same of Plaintiff's assault and battery claims against John Does ## 7–15.

Therefore, the County Defendant's motion for judgment on the pleadings must be denied with respect to Plaintiff's assault and battery claims against the County of Albany itself because the County may be liable under the doctrine of respondeat superior if Plaintiff is able to establish assault and battery claims against one of the unidentified County of Albany employees.

### III. Motion to Dismiss and/or for Summary Judgment by City of Albany Defendants

The Court now turns to the City Defendants' motion to dismiss Plaintiff's excessive force and state law claims, and the City Defendants' motion for summary judgment on Plaintiff's false arrest and malicious prosecution claims. In reviewing the City Defendants' motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6), the Court must limit itself to facts alleged in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. *Newman & Schwartz v. Asplundh Tree Expert, Co.*, 102 F.3d 660, 662 (2d Cir. 1996) (citations omitted). The Court must also accept as true all the factual allegations in the complaint, and view all of the allegations raised in the complaint in the light most favorable to the Plaintiff. *Id.* (citing *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993)).

In reviewing the City Defendants' motion for summary judgment on Plaintiff's false

---

9. In his twenty-fourth, twenty-fifth, twenty-sixth, and twenty-seventh causes of action, Plaintiff asserts negligence claims against Defendants Guerrero, Miller, Fox, the City of Albany, the County of Albany, John Does ## 1–17, and Jane Roe. However, Plaintiff's assault and battery claims and his negligence claims arise out of the same underlying factual allegations. It is well settled that negligence and assault and battery claims are mutually exclusive. *United Nat'l Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993). "An assault and battery is an intentional act, whereas negligence is unintentional." *Id.*

(internal quotations and citations omitted). Therefore, the Court finds that all of Plaintiff's negligence claims must be dismissed or failure to state a claim upon which relief can be granted.

10. Plaintiff also asserts a claim against the State of New York under the doctrine of respondeat superior. Although none of the motions presently before the Court address this claim, it is clearly barred by the Eleventh Amendment and must be dismissed.

arrest and malicious prosecution claims, the Court must determine whether, viewing the evidence in a light most favorable to the Plaintiff, there is a genuine issue of material fact that precludes the granting of judgment as a matter of law. Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 457, 112 S.Ct. 2072, 2076–77, 119 L.Ed.2d 265 (1992); *Commander Oil v. Advance Food Serv. Equip.,* 991 F.2d 49, 51 (2d Cir.1993). Where the moving party does not bear the ultimate burden of proof on an issue, that party satisfies its summary judgment burden by pointing to the absence of evidence to support an essential element of the non-moving party's claim. *Consarc Corp. v. Marine Midland Bank, N.A.,* 996 F.2d 568, 572 (2d Cir.1993). If the movant satisfies its initial summary judgment burden, then the burden shifts to the non-movant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. *Weg v. Macchiarola,* 995 F.2d 15, 18 (2d Cir.1993). To survive the motion for summary judgment the non-movant must do more than present evidence that is merely colorable, conclusory, or speculative. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

The Court will first evaluate the City Defendants' motion for summary judgment on Plaintiff's false arrest and malicious prosecution claims. The Court will then consider the City Defendants' motion to dismiss Plaintiff's excessive force claims as against four different groups of the Defendants. Finally, the Court will address the City Defendants' motion to dismiss Plaintiff's state law claims.

## A. False Arrest and Malicious Prosecution

The City Defendants move for summary judgment on Plaintiff's false arrest and malicious prosecution claims. In his Complaint, Plaintiff alleges that individual City of Albany Defendants falsely arrested and maliciously prosecuted him in violation of his rights under the Fourth and Fifth Amendments. Plaintiff also alleges that the City of Albany Police Department and the City of Albany itself had a policy and practice of falsely arresting and maliciously prosecuting people.

 To establish a malicious prosecution claim under § 1983, a plaintiff must demonstrate that: (1) the defendant under consideration commenced or continued a criminal proceeding against the plaintiff, (2) the proceeding terminated in the plaintiff's favor, (3) there was no probable cause for the criminal proceeding, and (4) the defendant under consideration initiated the criminal proceeding out of malice. *Bernard v. United States,* 25 F.3d 98, 104 (2d Cir.1994) (citations omitted).[11] A showing of probable cause also precludes a claim of false arrest under section 1983. *Miloslavsky v. AES Engineering Soc'y, Inc.,* 808 F.Supp. 351, 354 (S.D.N.Y.1992), *aff'd,* 993 F.2d 1534 (2d Cir.), *cert. denied,* 510 U.S. 817, 114 S.Ct. 68, 126 L.Ed.2d 37 (1993) (citing *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967)).

 "In general, probable cause to arrest exists when the officers have trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996). Where there is no dispute as to the pertinent events and knowledge of the officers, the question of probable cause may be determined as a matter of law. *Id.* In evaluating probable cause, the Court must examine the information available to the arresting officers at the time of the suspect's arrest. *O'Neill v. Town of Babylon,* 986 F.2d 646, 650 (2d Cir.1993); *United States v. Gaviria,* 805 F.2d 1108, 1115 (2d Cir.1986), *cert. denied,* 481 U.S. 1031, 107 S.Ct. 1960, 95 L.Ed.2d 531 (1987).

 In this case, Plaintiff was arrested and charged with Reckless Endangerment in the Second Degree. Reckless Endangerment is defined in New York Penal Law § 120.20 as recklessly engaging "in conduct which creates a substantial risk of serious physical injury to another person." *Id.* It is

---

11. As a threshold matter, Plaintiff has neither alleged nor demonstrated that his criminal proceeding was terminated in his favor. Therefore, Plaintiff's malicious prosecution claims must be dismissed for this reason alone.

undisputed that, upon arriving on the scene, Officer Guerrero noticed that Defendant Muia was limping. Guerrero Aff. at ¶ 5. It is also undisputed that Defendant Muia told Officer Guerrero that Plaintiff had driven over Muia's foot during an argument over a parking spot. Guerrero Aff. at ¶ 8.

After carefully reviewing the evidence submitted, the Court finds that Officer Guerrero possessed sufficient information to support his belief that Plaintiff had committed the offense of Reckless Endangerment in the Second Degree as a matter of law. Plaintiff's denial does not, standing alone, create a genuine issue of material fact as to whether Officer Guerrero had probable cause to arrest Plaintiff. *See Miloslavsky*, 808 F.Supp. at 355 (law enforcement officer is entitled to rely upon information provided by a putative victim or eyewitness who it seems reasonable to believe is telling the truth). Therefore, the City Defendants' motion for summary judgment must be granted with respect to Plaintiff's false arrest and malicious prosecution claims against all of the City Defendants.

**B. Excessive Force**

The Court will address the City Defendants' motion to dismiss Plaintiff's excessive force by evaluating Plaintiff's claims as against four groups of Defendants: (1) Officers Guerrero, Fox, and Miller, (2) Chief Dale and Mayor Jennings in their individual capacities, (3) the City of Albany, the City of Albany Police Department, Chief Dale in his official capacity, and Mayor Jennings in his official capacity, and (4) Officers London and Forkeutis.

*1. Officers Guerrero, Fox & Miller*

As an initial matter, Plaintiff does not allege that Officers Guerrero, Miller, or Fox used any force in effectuating Plaintiff's arrest. Therefore, the Court finds that Plaintiff's excessive force claims against these three Defendants must be dismissed for failure to state claims upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

*2. Chief Dale and Mayor Jennings in their Individual Capacities*

Plaintiff also asserts excessive force claims against both Chief Dale and Mayor Jennings.

As stated, to hold an individual liable under § 1983, a plaintiff must allege facts demonstrating that the individual was personally involved in the alleged deprivation. *Colon*, 58 F.3d at 873. As stated, personal involvement may be based on allegations that: "(1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [citizens] by failing to act on information indicating that unconstitutional acts were occurring." *Id.* (citing *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986)).

■ In this case, Plaintiff does not allege any facts that could support even an inference that Chief Dale or Mayor Jennings had any direct involvement with Plaintiff's arrest, that they knew about Plaintiff's arrest, that it was brought to their attention, or that they were grossly negligent in any way. In fact, like Defendants Szostak and Campbell, Plaintiff merely alleges that Chief Dale and Mayor Jennings were supervisory officials for the City of Albany at the time of Plaintiff's arrest and detention. As noted, a conclusory allegation that a particular Defendant held a high ranking position during an alleged constitutional deprivation is wholly insufficient to establish that defendant's personal involvement in the allegedly unconstitutional conduct.

Therefore, the Court finds that Plaintiff's excessive force claims against Chief Dale and Mayor Jennings must also be dismissed for failure to state claims upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

*3. City of Albany, City of Albany Police Department, Chief Dale in his Official Capacity and Mayor Jennings in his Official Capacity*

■ In his complaint, Plaintiff alleges that the City of Albany maintained a policy

and practice of allowing and encouraging the use of excessive force by City of Albany Police Officers. Plaintiff also alleges that the City of Albany and the City of Albany Police Department failed to properly train its officers in the proper use of force. Nowhere in the complaint, however, does the Plaintiff support these conclusory claims with allegations of other incidents of police misconduct, or any other allegations that could, if true, support an inference that the City had a policy or custom of using excessive force. Plaintiff merely alleges that he was mistreated on a particular occasion and that his mistreatment was the result of an official policy or practice. As stated, it is well settled that mere conclusory allegations of a policy or custom are insufficient, and a single incident alleged in a complaint, especially if it involved only actors below the policy making level, generally will not suffice to raise an inference of the existence of a custom or policy. *Dwares*, 985 F.2d at 100; *Powell*, 891 F.2d at 1045. Therefore, the Court finds that all of Plaintiff's claims against the City of Albany, the City of Albany Common Council, and the City of Albany Police Department, as well as Mayor Jennings and Chief Dale in their official capacities, must be dismissed for failure to state claims upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6).

### 4. *Officers London and Forkeutis*

Finally, the Court turns to Plaintiff's allegations against Defendants London and Forkeutis, two City of Albany Police Officers. Plaintiff's only allegation against these two Defendants is that he found two parking tickets issued by these officers on his car following his release. This allegation is wholly insufficient to state any claims against these Defendants, let alone excessive force claims. Therefore, Plaintiff's claims against Defendants Forkeutis and London must also be dismissed for failure to state claims upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6).

### C. Plaintiff's State Law Claims

The City Defendants move to dismiss Plaintiff's assault and battery claims against Defendants Dale, Guerrero, Miller, Fox, and John Does ## 1–5, 16 & 17. The City Defendants also move to dismiss Plaintiff's assault and battery claims against the City of Albany itself.

As stated, under New York Law, an "assault" is the intentional placing of another person in fear of imminent harmful or offensive contact. *United Nat'l Ins.*, 994 F.2d at 108 (citations omitted), and a "battery" is an intentional wrongful physical contact with another person without consent. *Id.* Nowhere in the complaint does Plaintiff allege that Officers Guerrero, Fox, or Miller threatened Plaintiff with physical harm, or used physical force in effectuating Plaintiff's arrest. Moreover, Plaintiff's bare allegations against John Doe # 1, that he was a sergeant, and John Does ## 16 and 17, that they drove the vehicle used to transport Plaintiff in a "reckless" manner, are wholly conclusory and clearly insufficient to state assault or battery claims.

The only allegations in Plaintiff's complaint arguably sufficient to state an assault claim against a City Defendant are Plaintiff's allegations against John Doe # 4. In his complaint, Plaintiff alleges that John Doe # 4 threatened Plaintiff with physical harm during his detention in a holding cell at the City of Albany Police Station.[12] Because the Court finds that Plaintiff's allegations against John Doe # 4 state a claim for assault, the Court cannot dismiss Plaintiff's assault claim against the City itself at this time.

Therefore after carefully reviewing the complaint and the applicable law, the Court finds that Plaintiff's assault and battery claims against the City Defendants must be dismissed for failure to state claims upon which relief can be granted pursuant to Fed.

---

**12.** Specifically, Plaintiff alleges that John Doe # 4 "made beastly growling and other savage sounds and baring his teeth like a dog about to bite and then said defendant John Doe # 4 made the repeated statement while glaring at the plain- tiff that he wanted to use this, referring to black hammer like object he held with one hand and repeatedly slapping the head of said object into his other hand causing fright and terror in the plaintiff." Complaint at ¶ 137.

R.Civ.P. 12(b)(6), except Plaintiff's assault claims against the City of Albany itself.

## IV. Motion for Summary Judgment by Defendant Frank Muia

█ Finally, the Court turns to Defendant Muia's motion for summary judgment. Plaintiff alleges false arrest and malicious prosecution claims against Defendant Muia. It is well settled that a private citizen may be subject to liability under § 1983 only if he "willfully collaborated with an official state actor in the deprivation of a federal right." *Dwares,* 985 F.2d at 98 (2d Cir.1993); *see also Annunziato v. The Gan, Inc.,* 744 F.2d 244 (2d Cir.1984) (granting the private individual defendants summary judgment on § 1983 claims where there was no evidence that the private individuals were involved in any "preconceived plan" or "mutual understanding" with the city officials).

█ In this case, it is undisputed that Defendant Muia was not an employee, official agent, or official representative of any of the municipal Defendants in this case. Thus, in order to survive Defendant Muia's motion for summary judgment, Plaintiff must point to evidence creating a genuine issue of fact as to whether Defendant Muia was involved in a "preconceived plan" or "mutual understanding" with the government officials in this case. The only evidence offered by Plaintiff on this issue are vague observations Plaintiff made on the day of his arrest. For example, Plaintiff alleges that Defendant Muia and Officer Guerrero appeared to know each other, and that he observed Defendant Muia and Officer Guerrero talking in the back of Defendant Muia's restaurant during Officer Guerrero's investigation.

Drawing all reasonable inferences in favor of the Plaintiff, the Court finds that no reasonable juror could conclude that Defendant Muia was part of a "preconceived plan" or "mutual understanding" with Officer Guerrero or any other government official in this case. Therefore, Defendant Muia's motion for summary judgment on Plaintiff's false arrest and malicious prosecution claims under § 1983 must be GRANTED.[13]

## Conclusion

After carefully reviewing the papers submitted, the applicable law, and the entire file in this matter, it is hereby

ORDERED that Plaintiff's motion for recusal is DENIED. It is further

ORDERED that the County Defendants' motion for judgment on the pleadings is GRANTED in part, and DENIED in part, to the extent described above; and all of Plaintiff's claims against the County of Albany, the Albany County Legislature, the Albany County Sheriff's Department, the Albany County Department of Health, the Albany County Mental Health Department, the Albany County Mental Health Board, Max Tanner, Edward Szostak, John Fahey, and Michael J. Hoblock, are DISMISSED, EXCEPT for Plaintiff's assault and battery claim against the County of Albany itself. It is further

ORDERED that the City Defendants' motion to dismiss and for summary judgment is GRANTED in part, and DENIED in part, to the extent described above; and all of Plaintiff's claims against the City of Albany, the City Council for the City of Albany, the City of Albany Police Department, John Dale, Gerald D. Jennings, 610 Guerrero, 550 Miller, 418 Fox, 814 London, and 105 Forkeutis are DISMISSED, EXCEPT for Plaintiff's assault and battery claim against the City of Albany itself. Finally, it is further

ORDERED that Defendant Frank Muia's motion for summary judgment is GRANTED, and all of Plaintiff's claims against Defendant Muia, and Defendant Muia's cross-

---

**13.** Moreover, Plaintiff's false arrest claims against Defendant Muia also fail because Plaintiff submits no evidence indicating that Defendant Muia restrained Plaintiff in any way. In addition, Plaintiff's malicious prosecution claims against Defendant Muia fail because, as stated, Plaintiff has not alleged that the criminal proceeding at issue was terminated in Plaintiff's favor. Furthermore, Plaintiff's assault and bat-

tery claims against Defendant Muia must be dismissed as a matter of law because Plaintiff has not alleged that Defendant Muia threatened Plaintiff or made any physical contact with Plaintiff whatsoever. Finally, because all of Plaintiff's claims against Defendant Muia must be dismissed, Defendant Muia's cross-claims against the City and County Defendants must also be dismissed as moot.

188

claims against the City and County Defendants, are DISMISSED.

IT IS SO ORDERED.