Frank PRAVDA, Plaintiff,

v.

CITY OF ALBANY, New York;  County of Albany, New York;  City Council of the City of Albany;  Albany County Legislature;  City of Albany Police Department;  Albany County Sheriff's Department;  Albany County Department of Health;  Albany County Mental Health Department;  City of Albany Court;  Albany County Mental Health Board;  E. David Duncan, Albany City Court Judge;  John Dale, Chief of Police;  Gerald D. Jen-

nings, Mayor of City of Albany;  610 Guerro;  550 Miller;  418 Fox;  Max Tanner, Officer;  Edward W. Szostak, John J. Fahey, Former Commissioner of Mental Health;  Michael J. Hoblock Jr., Former County Executive;  Frank Muia;  814 London;  105 Forkeutis;  Steven DeHart;  James Campbell, John Does # 1–# 17;  and Jane Roe, Defendants.

No. 95–CV–1813(FJS)(DRH).

United States District Court,
N.D. New York.

Feb. 12, 1998.

---

**26**

Frank Pravda, Saratoga Springs, Pro Se.

Honorable Dennis C. Vacco, Attorney General, State of New York (David G. Roberts, Asst. Atty. Gen., of counsel), Albany, NY, for Albany City Court and Albany City Court Judge E. David Duncan.

Maynord, O'Connor, Smith, Catalinotto & D'Agostino (Jeffrey E. Hurd, of counsel), Albany, NY, for Steven L. DeHart.

Cusick, Hacker & Murphy (Roger J. Cusick, of counsel), Latham, NY, for Albany County, Albany County Legislature, Albany County Sheriff's Department, Albany County Department of Health, Albany County Mental Health Department, Albany County Mental Health Board, Max Tanner, an alleged employee of Albany County Correctional Facility, Edward Szostak, John Fahey, former Commissioner of Mental Health, and Michael J. Hoblock, former County Executive.

Vincent J. McArdle, Jr. (Jane C. Schneider, of counsel), Corporation Counsel, City of Albany City Hall, Albany, NY, for City of Albany, City Council for City of Albany, City of Albany Police Department, John Dale, Gerald D. Jennings, 610 Guerrero, 550 Miller, 418 Fox, 814 London, and 105 Forkeutis.

Bohl, Della Rocca Law Firm (Joseph Muia, Jr., of counsel), Albany, NY, for Muia.

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

This is a pro se civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that various individuals, government entities, and government officials mistreated him while he was a pretrial detainee. Plaintiff also asserts state law claims for assault, battery, and negligence.

■ Presently before the Court is the County of Albany's motion to dismiss based upon its argument that the Court should decline to exercise its supplemental jurisdiction over the state law claims still pending against the County of Albany. In a previous Memorandum–Decision and Order, filed February 11, 1997, the Court dismissed all of Plaintiff's federal claims against the County of Albany. *See Pravda v. City of Albany,* 956 F.Supp. 174 (N.D.N.Y.1997). At this time, however, federal claims still exist against some of the John Does and Jane Roe. *See id.* at 182. Plaintiff has been given over two years to identify and serve these individuals, including the full discovery period. In the Court's previous Decision, Plaintiff was warned that the Court would dismiss the claims against these unidentified individuals if he failed to disclose and serve these individuals with process in the near future. *See id.* at 178. To date, Plaintiff has failed to identify or serve a single one of these unidentified defendants. Therefore, the Court finds that the period to identify the John Does and Jane Roe has concluded and dismisses all claims against all unidentified individuals in this action. *See Pearson v. O'Leary,* No. 85–C–9323, 1995 WL 124123, at *3 (N.D.Ill. Mar. 20, 1995); *see also Maclin v. Paulson,* 627 F.2d 83, 87 (7th Cir.1980); *Clark v. McMillin,* 932 F.Supp. 789, 794 (S.D.Miss.1996).

■ In addition, district courts may decline to exercise supplemental jurisdiction over state claims when the court has dismissed all of a plaintiff's federal claims. *See* 28 U.S.C. § 1367(c)(3). Because there are no longer any federal claims pending, the Court declines to exercise supplemental jurisdiction over any state claims that may remain. *See Maric v. St. Agnes Hosp. Corp. et al.,* 65 F.3d 310, 314 (2d Cir.1995), *cert. denied,* 516 U.S. 1115, 116 S.Ct. 917, 133 L.Ed.2d 847 (1996).

### Conclusion

Having considered the parties' submissions, the record, and the applicable law, it is hereby

ORDERED that all claims against the un-identified John Doe and Jane Roe Defendants are DISMISSED. It is further

ORDERED that Defendant County of Albany's motion to dismiss is GRANTED. It is further

ORDERED that Plaintiff's complaint is dismissed in its entirety for the reasons set forth herein.

**IT IS SO ORDERED.**