UNITED STATES of America

v.

Donald ADAMS, Defendant.

Cr. No. 99–344M (JMF).

United States District Court,
District of Columbia.

Oct. 5, 1999.

Gregory Lawrence Poe, Federal Public Defender for D.C., Washington, DC, for Defendant.

## MEMORANDUM

FACCIOLA, United States Magistrate Judge.

At the most recent status conference I indicated that I would have to consider whether I should recuse myself because of my representation of the United States in a civil action in which the defendant, Donald Adams, was a member of a class which was sued by the United States.

■ The case was entitled *United States v. District of Columbia,* CA No. 95–0601 and I represented the United States. The complaint was filed in the United States District Court for the District of Columbia on March 29, 1995 and the United States named as defendants the District of Columbia and William Bennett as "a representative of all persons who were committed by this Court to Saint Elizabeths Hospital after having been found not guilty by reason of insanity pursuant to D.C.Code § 24–301(d)(1) and for whom the United States has continuing financial responsibility." Complaint, para. 3. From what has been represented to me by the United States, i.e., that Mr. Adams, having been found not guilty by reason of insani-

ty, was committed by this Court to Saint Elizabeths pursuant to § 24–301(d) in 1972, prior to the effective date of the Insanity Defense Reform Act, 18 U.S.C.A. § 4243(i), Mr. Adams is a member of that class.

The United States, the District of Columbia, and the defendant class moved for summary judgment. Additionally, the defendant class opposed the United States' motion for class certification. These motions were *sub judice* when I resigned from the United States Attorney's Office on August 16, 1997. They have since been resolved. *United States v. District of Columbia*, 44 F.Supp.2d 53 (D.D.C.1999).

■ I should also note that another action, *Walker v. Reno*, CA No. 96–2551 I represented the Attorney General. 96–2551 was consolidated with CA No. 95–0601 but the plaintiffs in 96–2551 were individuals rather than a class and Mr. Adams was not named as a plaintiff. Plaintiffs in 96–2551 thereafter moved to certify as a class of plaintiffs "all persons committed by this Court to Saint Elizabeths Hospital pursuant to D.C.Code § 24–301(d) after having been adjudged not guilty by reason on insanity." This motion was filed, however, after I had resigned from the United States Attorney's Office.

I do not believe that my representation of the United States in 95–601 and my representation of the Attorney General in 96–2551 require my recusal in this matter under 28 U.S.C. § 455(b)(3). *Pravda v. Albany*, 956 F.Supp. 174, 178 (N.D.N.Y. 1997) I also believe that my continuing to preside over this matter will not offend the appearance of propriety in any way. *See United States v. Gipson*, 835 F.2d 1323, 1324 (10th Cir.), *cert. denied*, 486 U.S. 1044, 108 S.Ct. 2038, 100 L.Ed.2d 623 (1988); *United States v. DeLuna*, 763 F.2d 897, 907 (8th Cir.)(both stating that disqualification only appropriate if facts provide what an objective, knowledgable member of the public would find to be a reasonable basis for doubting the judge's impartiality) *cert. denied*, 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985). I see no reason why my participation as counsel in the two civil matters I have described would cause any one to question my impartiality in this matter.

I bring this matter to counsel's attention so they can, if they see fit, nevertheless seek my recusal in a timely fashion before I rule on the matters now being briefed.