**Brian SHEPPARD, Plaintiff–Appellant,**

v.

**Leon BEERMAN, as an individual and in his official capacity as Justice of the Supreme Court of the State of New York, Defendant–Appellee.**

**No. 1791, Docket 96–7112.**

United States Court of Appeals,
Second Circuit.

Argued June 19, 1996.

Decided Sept. 6, 1996.

Brian Sheppard, pro se.

Amy L. Abramowitz, Asst. Atty. Gen. of N.Y., New York City (Dennis C. Vacco, Atty. Gen. of N.Y., New York City, of counsel), for Defendant–Appellee.

Michael Colodner, John Eiseman, John J. Sullivan, New York City, submitted a brief, for amicus curiae Jonathan Lippman, Chief Administrative Judge of the Courts of the State of New York.

Before: KEARSE, MAHONEY, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Plaintiff Brian Sheppard appeals from a Memorandum and Order of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*), *see Sheppard v. Beerman*, 911 F.Supp. 606 (E.D.N.Y.1995), granting defendant Judge Leon Beerman's motion to dismiss Sheppard's complaint on the grounds of qualified immunity. For the reasons stated below, we vacate the district court's order and remand for further proceedings consistent with this opinion.

## BACKGROUND

This case is before us for the second time. *See Sheppard v. Beerman*, 18 F.3d 147 (2d Cir.1994). In our first opinion, we set forth the essential facts, none of which have changed:

[Brian] Sheppard served as a law clerk to [New York State Supreme Court Justice Leon] Beerman from 1986 until he was fired on December 11, 1990. . . .

Sheppard alleges that on December 6, 1990, after engaging in ex parte communications with the prosecution in a pending murder case, Beerman ordered him to draft a decision denying the defendant's pending speedy trial motion without a hearing, regardless of the motion's merits, so that the defendant would stand trial at a time advantageous to the prosecution. Sheppard refused to follow Beerman's direction, stating that he would not take part in the "railroading" of the defendant. Beerman responded that although Sheppard was not being discharged, he should seek other employment if he felt that way.

At this time, Sheppard informed Beerman that he had taken extensive notes of instances of other judicial misconduct by Beerman during the preceding four years of Sheppard's service in chambers. As an example, Sheppard noted a case that Beerman had assigned to himself in order to take personal revenge against the accused. Beerman expressed concern about Sheppard making his notes public. Harsh

words were exchanged between the parties: Sheppard called Beerman "corrupt" and a "son of a bitch," and Beerman called Sheppard "disturbed" and "disloyal." Sheppard immediately apologized for his characterization. The argument ended with no resolution, and Sheppard worked the remainder of the day.

When Sheppard next returned to work on December 11, 1990, he was removed from chambers by court officers, who informed him that Beerman had fired him. Sheppard was forced to leave immediately and not allowed to take his belongings with him. Both before and after his discharge on that day, Sheppard's property was searched by Beerman or by others at his direction. Specifically, Sheppard's file cabinets and desk drawers were searched, and a box of his personal file cards was seized and removed to Beerman's private office and examined. On December 13, 1990, Sheppard was permitted to return to chambers accompanied by court officers to retrieve certain of his belongings. On December 21, 1990, he was permitted to retrieve the rest of his personal files.

Following his discharge, Sheppard returned to Beerman's courtroom on a number of occasions. On January 18, 1991, while attending Beerman's calendar call, Sheppard began ruffling through court files. Beerman subsequently directed him to leave the courtroom if he wished to examine documents. On January 28, 1991, Beerman told an attorney not to speak with Sheppard and warned Sheppard not to involve himself in the cases Sheppard had worked on when he was a clerk. On February 11, 1991, Sheppard was told not to keep coming in and out of the courtroom, and was told to be quiet when he sought to reply to this direction.

*Id.* at 149–50.

Sheppard sued Beerman in the United States District Court for the Eastern District of New York, under 42 U.S.C. § 1983, alleging that Beerman's actions:

> violated Sheppard's First Amendment right to free speech, his First Amendment right of access to criminal proceedings and documents, his First Amendment right to

petition the government for redress of grievances, and his Fourth Amendment right to be free from unlawful searches and seizures. Sheppard also asserted pendent state law tort claims for, among other things, false imprisonment, trespass, conversion, and defamation.

*Sheppard,* 18 F.3d at 150. Beerman answered, and then moved for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c) ("Rule 12(c)"), on the grounds that Sheppard had failed to state a cause of action, and that Beerman was in any event entitled to qualified immunity.

The district court granted Beerman's motion for judgment on the pleadings, finding that, as a matter of law, Sheppard could not state a constitutional claim. *See Sheppard v. Beerman,* 822 F.Supp. 931 (E.D.N.Y.1993). The district court also declined to exercise jurisdiction over plaintiff's pendent state law claims. Sheppard appealed to this Court; we affirmed most of the district court's rulings, but vacated the dismissal of Sheppard's First Amendment free speech claim. *See Sheppard,* 18 F.3d at 151, 153. Specifically, we stated:

> In analyzing the validity of Sheppard's claim, the district court made a determination that Sheppard was actually discharged for insubordination and not for his speech.... Because this question is in dispute, it was improper for the district court to answer it on a motion for dismissal on the pleadings.
>
> .    .    .    .    .
>
> Based on the foregoing ... we find that in concluding that Sheppard failed to state a violation of his First Amendment right to free speech, the district court made certain factual determinations that were not appropriate on a motion for judgment on the pleadings.... [W]e make no comment on the merits of the claim nor do we preclude the district court from re-examining the matter at some future, more appropriate time in the proceedings.

*Id.*

On remand, the district court again granted judgment to Beerman on the pleadings. *See Sheppard,* 911 F.Supp. 606. Finding, as

a matter of law, that Sheppard's speech was on a matter of public concern and that Sheppard had shown a *prima facie* case of unconstitutional discharge, the district court found nevertheless that Beerman was entitled to qualified immunity. It concluded that Beerman "acted within the realm of objective reasonableness in terminating Sheppard's employment," and thus was entitled to judgment on the pleadings. *Id.* at 616.

The court also held that, because Beerman's qualified immunity deprived Sheppard of an actionable claim, his request for declaratory relief had no foundation, and also had to be dismissed. It further found that Sheppard had not shown a sufficient likelihood of future harm to warrant his requested injunctive relief. With that, the district court again dismissed Sheppard's claim in its entirety. Sheppard now appeals, arguing that the district court erred in its pivotal finding that Beerman was entitled to qualified immunity.

## DISCUSSION

We review the district court's Rule 12(c) dismissal of Sheppard's complaint *de novo. See Sheppard,* 18 F.3d at 150; *Ad-Hoc Comm. of the Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir.1987). All allegations in the complaint must be accepted as true; all inferences must be drawn in favor of the plaintiff; and dismissal is proper only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sheppard,* 18 F.3d at 150 (internal quotations and citation omitted). When there has been a dismissal on the grounds of qualified immunity, whether there are disputed issues of fact that should have prevented the dismissal is also subject to our *de novo* review. *See Weaver v. Brenner,* 40 F.3d 527, 533 (2d Cir.1994); *Cartier v. Lussier,* 955 F.2d 841, 844 (2d Cir.1992); *see also Tompkins v. Vickers,* 26 F.3d 603, 606 (5th Cir. 1994).

Government employees have a limited right under the First Amendment to speak on matters of public concern. *See Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 1689, 75 L.Ed.2d 708 (1983);

*Frank v. Relin,* 1 F.3d 1317, 1328 (2d Cir.), *cert. denied,* 510 U.S. 1012, 114 S.Ct. 604, 126 L.Ed.2d 569 (1993). To plead a *prima facie* case that he was fired in violation of his First Amendment rights, a plaintiff must establish that: (1) his speech can be "fairly characterized as ... speech on a matter of public concern;" and (2) the speech was "at least a substantial or motivating factor in the discharge." *Frank,* 1 F.3d at 1328 (internal quotations and citations omitted).

It is clear, though, that a government official may, in certain circumstances, fire an employee for speaking—even on a matter of public concern—where that speech has the potential to disrupt the work environment. *See Rankin v. McPherson,* 483 U.S. 378, 384, 107 S.Ct. 2891, 2896, 97 L.Ed.2d 315 (1987). In *Jeffries v. Harleston,* 52 F.3d 9 (2d Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 173, 133 L.Ed.2d 114 (1995), we stated that termination does not violate the employee's First Amendment rights where:

(1) the employer's prediction of disruption is reasonable; (2) the potential disruptiveness is enough to outweigh the value of the speech; and (3) the employer took action against the employee based on this disruption and not in retaliation for the speech.

*Id.* at 13; *see also Waters v. Churchill,* 511 U.S. 661, —— – ——, 114 S.Ct. 1878, 1889–91, 128 L.Ed.2d 686 (1994); *see generally Board of County Comm'rs v. Umbehr,* —— U.S. ——, —— – ——, 116 S.Ct. 2342, 2347–48, 2352, 135 L.Ed.2d 843 (1996). Thus, even if the potential disruption to the office outweighs the value of the speech, the employer may fire the employee only *because of* the potential disruption, and *not because of* the speech. That is to say, it matters not that the potential disruption outweighs the value of the speech if the employer subjectively makes the speech the basis of his termination decision: such "retaliatory" discharge is always unconstitutional.

As with any "constitutional tort," a governmental employer (such as a state court judge) may be entitled to qualified immunity for firing an employee in apparent breach of the First Amendment. *See Tompkins,* 26 F.3d at 607; *Frank,* 1 F.3d at 1327–28. If

the employer's firing of the employee actually violates the employee's First Amendment rights, the employer will nonetheless be qualifiedly immune from suit if an objective, reasonable officer could believe that the firing did *not* violate the employee's rights. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Frank,* 1 F.3d at 1327–28.

■ This case presents the risk of conflating a constitutional test that focuses, at least in part, on the *subjective* state of mind of the actor—the employer's actual motive for firing the employee—with the *objective* focus of the qualified immunity doctrine. Obviously, applying an objective test to a subjective element is a contradiction in terms: it would compel an inquiry as to whether a person reasonably could have thought that he in fact thought something.

The district court reasoned that, in a mixed case of this sort, the subjective prong of the constitutional test simply drops out— that Beerman's actual motive in firing Sheppard is "irrelevant." *Sheppard,* 911 F.Supp. at 616. Thus, the court held that: (1) an objective judge could have reasonably thought that the potential disruption caused by Sheppard's speech outweighed the value of that speech; (2) Beerman's actual motive in firing Sheppard was inconsequential; and (3) Beerman was therefore qualifiedly immune from suit.

Sheppard asserts that qualified immunity is not available where he has alleged that Beerman had an actual unconstitutional motive in firing him. To a limited extent, we agree.

■ Contrary to the district court's decision, the employer's actual (subjective) motive is *not* irrelevant in a qualified immunity inquiry. Rather, where the subjective state of mind of the actor is part of the constitutional mix, we have developed a rule that balances the interests of the official claiming immunity against the interests of the employee asserting unconstitutional motive:

Upon a motion for summary judgment asserting a qualified immunity defense in an action in which an official's conduct is objectively reasonable but an unconstitutional subjective intent is alleged, the plaintiff must proffer particularized evidence of direct or circumstantial facts … supporting the claim of an improper motive in order to avoid summary judgment.

*Blue v. Koren,* 72 F.3d 1075, 1084 (2d Cir. 1995). This standard allows an allegedly offending official sufficient protection against baseless and unsubstantiated claims, but stops short of insulating an official whose objectively reasonable acts are besmirched by a prohibited unconstitutional motive. *See Tompkins,* 26 F.3d at 607–08.

■ Thus, to defeat Beerman's claim of qualified immunity, Sheppard must show "particularized evidence of direct or circumstantial facts" supporting his claim of unconstitutional motive. And, the district court would obviously have to consider matters outside the pleadings. Rule 12(c) provides that a motion for judgment on the pleadings may be converted to a motion for summary judgment (under Fed.R.Civ.P. 56) if the court chooses to consider evidence extrinsic to the complaint and answer. *See* Fed. R.Civ.P. 12(c). However, Rule 12(c) also commands that, when so converting the motion to one for summary judgment, each party "shall be given a reasonable opportunity to present all material" pertinent to a summary judgment determination. *Id.; see also Villante v. Department of Corrections of New York,* 786 F.2d 516, 521 (2d Cir.1986).

The problem here is that the district court dismissed *Sheppard's complaint without allowing Sheppard any discovery.* According to Sheppard's complaint, Beerman expressed deep concern over Sheppard's claim to have kept notes detailing Beerman's instances of public corruption, and the possibility that those notes would be made public. And, after firing Sheppard, Beerman seized Sheppard's personal files, and inspected them before returning them to Sheppard. If substantiated through discovery, these facts may tend to show that Beerman's actual motive for firing Sheppard was the content of his speech, and not Beerman's fear that Sheppard would disrupt the office working environment.

The district court therefore erred in finding that Beerman's actual intent was "irrelevant," and in not allowing Sheppard discovery to support his claim of unconstitutional motive. If, after sufficient discovery, Sheppard cannot present particularized (direct or circumstantial) evidence of unconstitutional motive, Beerman is then, but only then, entitled to summary judgment on the grounds of qualified immunity.

■ Sheppard argues that the district court also improperly dismissed his claims for injunctive and declaratory relief. The court dismissed Sheppard's claim for declaratory relief because, having found that Beerman was immune from damages, there was no case or controversy remaining upon which Sheppard could base a request for declaratory relief. Because we vacate the district court's dismissal of Sheppard's claim for monetary damages, the foundation for dismissing the declaratory relief claim erodes. *See generally Ashcroft v. Mattis*, 431 U.S. 171, 172, 97 S.Ct. 1739, 1740, 52 L.Ed.2d 219 (1977). We therefore reinstate Sheppard's claim for declaratory relief, subject to the discussion above concerning his claim for monetary damages.

■ The district court dismissed Sheppard's claim for injunctive relief because Sheppard had "failed to show an 'actual or imminent' threat of injury to a legally protected right." *Sheppard*, 911 F.Supp. at 617. Even assuming Sheppard can succeed on his legal claim for unconstitutional termination, this "past" injury, "while presumably affording [Sheppard] standing to claim damages ..., does nothing to establish a real and immediate threat that he would again suffer similar injury in the future." *Adarand Constructors, Inc. v. Pena*, —— U.S. ——, ——, 115 S.Ct. 2097, 2104, 132 L.Ed.2d 158 (1995) (citations omitted).

In his complaint, Sheppard alleges that Beerman "embarked on a course of conduct ... designed to ... punish [Sheppard] for his objecting to, or considering to expose," Beerman's alleged judicial misconduct, and to prevent Sheppard from disclosing that misconduct. Specifically, Sheppard alleges that Beerman seized Sheppard's files, gratuitously told others that Sheppard was insubordi-nate and was fired for that insubordination, and asked (or even instructed) others not to talk with Sheppard. The complaint also states that these statements, designed to impede Sheppard's First Amendment rights, have continued since Sheppard's termination, and that Beerman intends to take further steps in the future.

These facts, if substantiated, may be sufficient to show that Sheppard faces a credible threat of future actions designed to stifle his First Amendment rights. Because we are vacating and remanding for discovery on Sheppard's claim for monetary damages and declaratory relief, we also vacate and remand the dismissal of his claim for injunctive relief to allow Sheppard through discovery to substantiate his claims of future harm. If after discovery, however, Sheppard cannot produce sufficient facts to support his claimed threat of future harm, the district court may properly dismiss the claim for injunctive relief at an appropriate time.

■ Finally, Sheppard asks us to remand this case to a different district court judge, claiming that Judge Glasser has shown distinct signs of "bias" against Sheppard's claims. We find Sheppard's arguments and assertions insufficient to meet the high standard for such relief. *See In re International Business Machines Corp.*, 45 F.3d 641, 643–45 (2d Cir.1995).

## CONCLUSION

■ An *amicus* brief, submitted on behalf of the Chief Administrative Judge of the Courts of the State of New York, reminds us of what we well know—that the relationship between a judge and clerk is one based upon trust and faith. If a judge cannot believe that his clerk is competent, loyal, and discrete, the working relationship between the two is not just injured, it is nonexistent. We also recognize that Sheppard's choice of language was inappropriate for a professional setting. But the First Amendment protects the eloquent and insolent alike.

The judgment of the district court is VA-CATED, and the case is REMANDED to the

district court for proceedings consistent with this opinion.