Peter MELZER, Plaintiff,

v.

BOARD of EDUCATION of the CITY SCHOOL DISTRICT of the CITY of NEW YORK, Carol A. Gresser, Irene Impellizzeri, Victor Gotbaum, Michael J. Petrides, Luis O. Reyes, Ninfa Segarra, Dennis M. Walcott, individually and in their official capacities as members of the Board of Education of the City School District of the City of New York, Ramon Cortines, individually and as Chancellor of the City School district of the City of New York, Joseph DeJesus, individually and as Superintendent of the Bronx High Schools, Hollis Needleman, individually and as Assistant Superintendent of the Bronx High Schools, Edward Stancik, individually and as Special Commissioner of Investigation for the New York City School District, and the City of New York, Defendants.

No. 93–CV–5942 (FB).

United States District Court, E.D. New York.

Oct. 16, 1997.

Eugene B. Nathanson, New York City, for Plaintiff.

Jonathan Pines, Asst. Corp. Counsel, Office of Corporation Counsel of City of New York, New York City, for Defendants.

## MEMORANDUM AND ORDER

BLOCK, District Judge.

Pending before the Court is an appeal by plaintiff Peter Melzer ("Melzer") from a Memorandum Decision and Order (Go, M. J.), dated June 14, 1995 ("Memorandum Decision"), which denied in part his motion to compel the disclosure of twenty documents by defendant Board of Education of the City School District of the City of New York ("Board of Education"). For the reasons set forth below, the appeal is granted in part and this matter remanded to the Magistrate Judge for proceedings in accordance with this Memorandum and Order.

## BACKGROUND

The gravamen of the complaint is Melzer's allegation that he was suspended from his teaching duties at the Bronx High School of Science ("Bronx Science") because of his participation in an organization known as the North American Man–Boy Love Association ("NAMBLA"). Melzer, a physics teacher, had been employed by the Board of Education since 1962 and had taught at Bronx Science since 1968. The complaint alleges that the Board of Education's actions violated Melzer's rights of free speech and association as guaranteed by the First and Fourteenth Amendments of the United States Constitution and by the New York State Constitution.

In his motion to compel, Melzer sought, *inter alia*, discovery of documents that have been identified as documents 1, 10, 16, 17, 18, and 19.[1] In the Memorandum Decision, Magistrate Judge Go determined that documents 10, 16, 17, 18, and 19 were subject to the "deliberative process" privilege because these documents were prepared as part of the process by which the Board of Education determined what action to take against Melzer.[2] Memorandum Decision at 4. Magistrate Judge Go noted that the deliberative process privilege is a qualified and not an absolute privilege and may yield if the reasons for disclosure outweigh those offered in opposition. However, despite the fact that the defendants "proffered little explanation justifying non-disclosure," Memorandum Decision at 5, Magistrate Judge Go determined that the challenged documents were nonetheless privileged, noting that Melzer's stated

1. Included among Melzer's supporting papers is a chart setting forth the nature of the disputed documents and the privilege asserted as to each document. Document 1 is the draft amended specification of charges containing comments by the Board of Education's attorneys. Document 10 consists of two computer disks that contain drafts of an investigatory report on Melzer and memoranda regarding NAMBLA. Document 16 is a memorandum to the file from Sean Courtney, Special Counsel to the Special Commissioner of Investigation for the New York City School District, regarding actions to take in connection with Melzer's case. Document 17 is a research memorandum on possible disciplinary options. Document 18 consists of handwritten notes from Susan Flamm, Deputy Commissioner for the Special Commissioner of Investigation, which summarized conversations with other investigators, set forth investigative strategy, and analyzed NAMBLA articles. Document 19 is a case outline setting forth the elements of proof of the disciplinary charge.

2. "The executive/deliberative process privilege applies to 'all material reflecting the actual predecisional, mental, or deliberative process—inter- and intragovernmental evaluations, expressions of opinion, and recommendations on policy and decision-making matters.'" *United States Postal Service v. Phelps Dodge Refining Corp.*, 852 F.Supp. 156, 164 (E.D.N.Y.1994) (quoting *United States v. Hooker Chemicals & Plastics Corp.*, 114 F.R.D. 100, 102 (W.D.N.Y.1987)). "The government's deliberative process privilege 'protects the decision–making processes of the executive branch in order to safeguard the quality and integrity of governmental decisions.'" *A. Michael's Piano, Inc. v. Federal Trade Commission*, 18 F.3d 138, 147 (2d Cir.1994) (quoting *Hopkins v. United States Dep't. of Housing and Urban Dev.*, 929 F.2d 81, 84 (2d Cir.1991)).

reason for wanting to obtain the documents—that they could contain information shedding light upon the true motivation behind the defendants' actions—was irrelevant to the legal issues involved in the case. She also noted that the documents were duplicative of other material to which Melzer had access.

On this appeal, Melzer contends that the Magistrate's evaluation of the applicability of the deliberative process privilege was based upon an incorrect legal premise—that the defendants' motivation for taking disciplinary action against Melzer was irrelevant as a matter of law. Additionally, Melzer argues that this error affected the Magistrate's decision regarding the discoverability of document 1, which was held not to be subject to disclosure based upon the applicability of the attorney-client privilege.

## DISCUSSION

### I. Standard of review

According to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate to hear and determine any pretrial matter pending before the court," except for certain enumerated dispositive motions. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.1990). Matters concerning discovery are considered "non-dispositive," and a magistrate's orders regarding non-dispositive pretrial matters are reviewed under the "clearly erroneous or contrary to law" standard. *Id.* (quoting 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a)).

### II. Disclosure of challenged documents

The issue before the Court on this appeal is extremely narrow. It is perhaps useful as a preliminary matter to set forth those matters that Melzer does *not* challenge. The appeal is limited to documents 1, 10, 16, 17, 18, and 19. Melzer does not argue that the challenged documents are not protected by the deliberative process privilege. Nor does Melzer contest the authority cited by Magistrate Judge Go to the effect that the deliberative process privilege is qualified, not absolute, and that a court determining whether the privilege applies should consider, *inter*

*alia,* the relevance of the privileged evidence, the availability of other evidence, the seriousness of the litigation, the role of the government in the litigation, and the potentially chilling effect that disclosure would have upon other government employees. *See Phelps Dodge Refining Corp.*, 852 F.Supp. at 165; *Hooker Chemicals & Plastics Corp.*, 114 F.R.D. at 102. Rather, Melzer's sole argument on appeal is that the Magistrate Judge erred in determining that the motivation of the Board of Education was not relevant to his complaint. This supposed error is claimed to be significant because this finding of irrelevancy entered into the Magistrate Judge's evaluation of the privilege and allegedly affected her ultimate decision that the challenged documents were not disclosable.

### A. Is the Motivation of the Board of Education relevant to Melzer's claim?

In determining whether the defendants' motivation in taking disciplinary action against Melzer is properly an issue in this case, as Melzer maintains, the Court turns first to the extensive case law that governs the interplay between the termination rights of a public employer and the First Amendment rights of public employees. "It is clearly established that a State may not discharge an employee on a basis that infringes that employee's constitutionally protected interest in freedom of speech." *Rankin v. McPherson,* 483 U.S. 378, 383, 107 S.Ct. 2891, 2896, 97 L.Ed.2d 315 (1987). In order to plead a prima facie case that an employee was terminated in violation of his or her First Amendment rights, a plaintiff must establish that: (1) his or her speech can be characterized as being on a matter of public concern; and (2) the speech was " 'at least a substantial or motivating factor in the discharge.' " *Sheppard v. Beerman,* 94 F.3d 823, 827 (2d Cir.1996) (quoting *Frank v. Relin,* 1 F.3d 1317, 1328 (2d Cir.1993)).

At the same time, however, the United States Supreme Court has recognized a government employer's right to terminate an employee who has spoken on a matter of public concern if the speech has potential to disrupt the work environment. *Waters v.*

*Churchill,* 511 U.S. 661, 673–674, 114 S.Ct. 1878, 1886–87, 128 L.Ed.2d 686 (1994). In *Jeffries v. Harleston,* 52 F.3d 9 (2d Cir.), *cert. denied,* 516 U.S. 862, 116 S.Ct. 173, 133 L.Ed.2d 114 (1995), the Second Circuit, citing *Waters,* held that termination will not violate the employee's First Amendment rights where: "(1) the employer's prediction of disruption is reasonable; (2) the potential disruptiveness is enough to outweigh the value of the speech; and (3) the employer took action against the employee based on the disruption and not in retaliation for the speech." *Id.* at 13. "Thus, even if the potential disruption to the office outweighs the value of the speech, the employer may fire the employee only because of the potential disruption, and not because of the speech . . . such 'retaliatory' discharge is always unconstitutional." *Sheppard,* 94 F.3d at 827.

■ Based on the foregoing, the Court disagrees with the Magistrate Judge's determination that the defendants' motivation is not relevant to Melzer's First Amendment claim. Defendants have maintained that Melzer's participation in NAMBLA is disruptive and that he can no longer function as a New York City schoolteacher. Melzer counters that the disciplinary actions taken against him are directed at his speech and are not a response to his potential disruptiveness. The issue of the Board of Education's intent in removing Melzer from teaching is thus highly relevant, and Melzer is entitled to discovery to shed light upon this issue.

In reaching this decision, the Court is also guided by the language of the Second Circuit in *Sheppard.* In *Sheppard,* which similarly involved a former government employee who claimed that he was terminated for exercising his First Amendment rights, the Second Circuit held that the district court had erred in dismissing the complaint without allowing the plaintiff any discovery. The court noted:

> [Plaintiff's allegations, i]f substantiated through discovery . . . may tend to show that [defendant's] actual motive for firing [plaintiff] was the content of his speech, and not [defendant's] fear that [plaintiff] would disrupt the office working environment. The district court therefore erred in finding that [defendant's] actual intent

was "irrelevant," and in not allowing [plaintiff] discovery to support his claim of unconstitutional motive.

*Id.* at 828.

In sum, the Court determines that the Magistrate Judge erred in deciding that the intent of the Board of Education was irrelevant to Melzer's First Amendment claims. The question that remains, therefore, is whether this error of law affected the Magistrate Judge's conclusion that the deliberative process privilege should not yield in this case.

### B. Did the Magistrate Judge err in concluding that the challenged documents were privileged?

■ As noted above, in determining whether the deliberative process privilege should be upheld, a court should look to a number of factors, including the relevance of the privileged evidence and the availability of other evidence. *See Phelps Dodge Refining Corp.,* 852 F.Supp. at 165; *Hooker Chemicals & Plastics. Corp.,* 114 F.R.D. at 102. No one factor is determinative, and the weight given to each will vary from case to case. *Phelps Dodge Refining Corp.,* 852 F.Supp. at 165.

■ In this case, the Magistrate Judge "clearly erred" in determining that documents 10, 16, 17, 18, and 19, insofar as they may have contained information that reflected the defendants' state of mind, were irrelevant. Although the Magistrate Judge noted that the challenged documents were duplicative of other material to which Melzer had access, there is no way for the Court to predict whether the Magistrate Judge would have reached the same conclusion regarding the applicability of the privilege had she recognized that the motivation of the defendants was relevant to Melzer's claim. Indeed, the Magistrate Judge noted that the defendants had given little explanation to support their contention that the documents should not be disclosed. Accordingly, the Court remands this matter to the Magistrate Judge for an *in camera* review of documents 10, 16, 17, 18, and 19 for the limited purpose of determining whether these documents are shielded by the deliberative process privilege in light of the

Court's determination that evidence of the defendants' motivation is relevant to Melzer's First Amendment claim.

Melzer also argues that the Magistrate Judge's incorrect statement of the law on the issue of the defendants' motivation tainted her determination that document 1 should not be disclosed. The Magistrate Judge rested her determination that document 1 was not discoverable entirely upon the applicability of the attorney-client privilege. It is uncontested that this document, a proposed specification of charges that was marked up by defendants' counsel, differs from the final specification of charges ultimately preferred against Melzer. Melzer argues that these differences may be probative of the defendants' motivation and that the document, redacted to remove attorney comments, is therefore discoverable. In light of the Court's determination that the defendants' intent is relevant, the Magistrate Judge should also review document 1 *in camera* in order to determine whether a properly redacted version of document 1 should be provided to Melzer or whether the document is protected from disclosure in its entirety by the attorney-client privilege.

## CONCLUSION

For the reasons set forth above, the Court concludes that the Magistrate Judge "clearly erred" in determining that the defendants' motivation was not relevant to Melzer's First Amendment claim and in upholding the applicability of the deliberative process privilege on that basis. Accordingly, the appeal is granted to the extent that this matter is remanded to the Magistrate Judge to determine, in light of the *Court's Memorandum and Order*, whether: (1) the deliberative process privilege shields documents 10, 16, 17, 18, and 19 from disclosure; and (2) the attorney-client privilege shields document 1 from disclosure.

**SO ORDERED.**