Thomas STANLEY, Plaintiff,

v.

Linda COOPER, individually, and the Town of Yorktown, New York, Defendants.

No. 97 CIV. 3268(BDP).

United States District Court, S.D. New York.

March 10, 1998.

---

**318**

LeaAnn Crossley, Lovett & Gould, White Plains, NY, for Plaintiff.

Michael Grace, Grace & Grace, Yorktown Heights, NY, Mona D. Shapiro, Banks, Picket, Gruen & Shapiro, Mt. Kisco, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

### INTRODUCTION

Plaintiff Thomas . Stanley, the former Comptroller of the Town of Yorktown, brought this action pursuant to 42 U.S.C. § 1983 and § 296 of the New York State Executive Law, alleging that the defendants violated his First Amendment rights to freedom of speech and to petition for redress of grievances and discriminated against him on the basis of age. Plaintiff alleges, in essence, that the defendants unfairly penalized him due to his criticisms of various municipal policies and practices.

Defendant Linda Cooper, the Town Supervisor, and defendant Town of Yorktown both move to dismiss the complaint pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6). Cooper also asserts the defense of qualified immunity. For the reasons that follow, plaintiff's claims against Cooper are dismissed on the basis of qualified immunity. Defendant Town of Yorktown's motion is denied in all respects.

### BACKGROUND

█ A district court's function on a motion to dismiss under Fed.R.Civ.P. Rule 12(b)(6) is to assess the legal feasibility of the complaint. *Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir.1991). The issue "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The complaint should not be dismissed unless it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricciuti v. NYC Transit Authority*, 941 F.2d 119, 123 (2d Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted)). Consequently, the Court accepts as true and construes favorably to the plaintiff the factual allegations in the complaint and supporting documentation. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Walker v. New York*, 974 F.2d 293, 298 (2d Cir.1992); *Wolff v. City of New York Financial Services Agency*, 939 F.Supp. 258, 263 (S.D.N.Y.1996). The following facts have been construed accordingly.

Plaintiff Thomas Stanley was employed by the Town of Yorktown (the "Town") for twelve years. Beginning in 1994, Stanley, as Town Comptroller, expressed his opinion to various Town officials about what he believed to be mismanagement, incompetence, or corruption in the Town administration. The matters about which Stanley complained were significant. Stanley identified specific instances to support his contentions that Town funds were inappropriately used to

enrich politically influential individuals with ties to members of the Town Board and that Town officials illegally concealed the purposes for which public funds were expended.

As a result of his criticisms, Stanley contends, the Town Board, at the initiative of Town Supervisor Cooper, decided not to reappoint him to the position of Comptroller after the expiration of his two year term on December 31, 1995. After the expiration of his term, plaintiff remained in his position for some weeks as a "holdover."

On January 11, 1996, after plaintiff had failed on account of illness to report to work that day, Cooper announced that Stanley had resigned. Plaintiff immediately notified Cooper that he had not resigned and did not intend to do so. Subsequently, plaintiff, his term having expired, was removed from the payroll by Cooper.

When plaintiff learned that the Town was accepting applications for the position of Comptroller, he immediately applied. Cooper's written response to plaintiff's application stated that in order for him to be considered for the Comptroller position he would have to execute a general release barring any claims he might assert against the Town. Plaintiff refused to execute the release and consequently was not considered for the Comptroller position.

The Town hired for the Comptroller position a female 20 years plaintiff's junior. Plaintiff was 51 years old at the expiration of his term as Comptroller. In May 1997 plaintiff filed this action.

## DISCUSSION

### FIRST AMENDMENT CLAIMS

The Town asserts that Stanley's § 1983 claim for violation of his First Amendment rights must be dismissed because plaintiff was not discharged, unlawfully or otherwise. Rather, plaintiff's term of office expired, and he had no right to reappointment. Thus, the Town's failure to reappoint him, the defendants argue; could not have violated any of his Constitutional rights.

The Town's formulation of the issue misconstrues the crux of plaintiff's claim. Stanley does not claim that he had a right to be reappointed as the Comptroller, nor that he could not be released after the expiration of his term. Rather, Stanley contends, correctly, that the Town could not decline to reappoint him or refuse to consider him for appointment strictly on the basis of his non-disruptive, constitutionally protected speech. Nor could the Town remove Stanley from the payroll in retaliation for his speech, even if it could have done so for other reasons. The retaliatory motive on the basis of an individual's exercise of First Amendment rights is what renders unlawful otherwise permissible governmental conduct.

■ Government employers typically may not take adverse action against employees for exercising their First Amendment rights. *See Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). However, the government employer does have "a legitimate interest in regulating the speech of its employees that differs significantly from its interest in regulating the speech of people in general." *Piesco v. City of New York*, 933 F.2d 1149, 1155 (2d Cir.1991) (citing *Pickering*, 391 U.S. at 568.)

■ An employee's speech rights must be balanced against the government employer's interest in promoting the efficiency of the workplace. *Waters v. Churchill*, 511 U.S. 661, 668, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994) (citing *Pickering*, 391 U.S. at 568); *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1058 (2d Cir.1993). In order to establish a First Amendment violation, the employee must establish that his speech involved a matter of public concern, *Frank v. Relin*, 1 F.3d 1317, 1328 (2d Cir.1993), and that the speech was "at least a substantial of motivating factor in the employer's adverse employment action." *Ezekwo v. New York City Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir.1991). Even if the plaintiff satisfies these requirements, the employer's adverse action may be justified if the employee's speech had "the potential to disrupt the work environment." *Sheppard v. Beerman*, 94 F.3d 823, 827 (2d Cir.1996).

Whether an employee's speech addresses a matter of public concern must be "determined by [its] content, form and context." *Connick,* 461 U.S. at 147–148; *Ezekwo,* 940 F.2d at 781. Speech will be characterized as implicating a matter of public concern if it relates to "any matter of political, social or other concern to the community." *Connick,* 461 U.S. at 146. In contrast, issues of merely personal importance to the employee are not matters of public concern. *Connick,* 461 U.S. at 149.

Here, Stanley's complaints about the financial and management practices and policies of the Town clearly qualify as speech relating to matters of public concern. Stanley directed his criticisms to expenditures of public funds that might constitute a breach of the public trust, which courts have repeatedly identified as a matter of public concern. *See, e.g., Bernheim v. Litt,* 79 F.3d 318, 325 (2d Cir.1996); *Bieluch v. Sullivan,* 999 F.2d 666, 671 (2d Cir.1993).

Plaintiff has also sufficiently alleged that the defendants sought to retaliate against him on the basis of his constitutionally protected speech. Moreover, there is no evidence that plaintiff's speech unduly disrupted the work environment.

Defendants argue that because Stanley was a policymaker (a characterization that plaintiff disputes) he was not constitutionally protected from adverse action on the basis of his speech. While it is true that an "employee's policymaking role weighs in favor of the employer in the *Pickering* balance, [it] does not provide automatic insulation from liability." *McEvoy v. Spencer,* 124 F.3d 92, 95 (2d Cir.1997.) There is thus no blanket policymaker exception to the constitutional protection afforded governmental employees in the exercise of their First Amendment rights. Even assuming, *arguendo,* that Stanley occupied a policymaking role, the defendants may have violated his constitutional rights if they either declined to reappoint him as Comptroller or refused to consider him for the position, due to his exercise of his First Amendment rights. The Town's motion for summary judgment on Stanley's § 1983 claim for viola-

tions of his First Amendment rights is therefore denied.

## QUALIFIED IMMUNITY

The doctrine of qualified immunity entitles public officers to be shielded from liability for damages unless their conduct violates clearly established constitutional rights of which a reasonable person would have known, *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Weyant v. Okst,* 101 F.3d 845, 857 (2d Cir.1996); *Lennon v. Miller,* 66 F.3d 416 (2d Cir.1995), or unless it was objectively unreasonable for them to believe that their acts did not violate those rights. *Anderson v. Creighton,* 483 U.S. 635, 638–639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Velardi v. Walsh,* 40 F.3d 569, 573 (2d Cir.1994).

The right alleged to have been violated must be clearly established at a level of specificity such that "a reasonable official would understand that what he is doing violates that right." *Anderson,* 483 U.S. at 640. To be deprived of the defense of qualified immunity, a public official must not simply violate plaintiff's rights; rather, the violation of plaintiff's rights must be so clear that no reasonable public official could have believed that his actions did not violate such rights. *Id.*

Cooper's removal of Stanley from the payroll, her refusal to accept his application for the Comptroller position without his executing a release of liability, and the decision not to reappoint him may have violated plaintiff's First Amendment rights. But such actions did not so clearly violate Stanley's rights that defendant Cooper should be deprived of the defense of qualified immunity. Because governmental entities have an interest in not hiring individuals who plan litigation against the municipality that could unduly disrupt the work environment, Cooper's request that Stanley execute a release of liability could have been thought lawful by a reasonable public official. Similarly, because Cooper's removal of plaintiff from the payroll occurred after the end of his term, there was a basis for Cooper to reasonably believe that her action was lawful. Addition-

ally, at the time that Cooper took the actions that plaintiff now challenges, the lack of a policymaker exception to the *Pickering* test was not clearly established. *See McEvoy,* 124 F.3d at 103. Therefore, Cooper could have reasonably believed that Stanley's policymaker status permitted her to take adverse action against him based on his speech without violating his constitutional rights. For all of these reasons, defendant Linda Cooper is entitled to the defense of qualified immunity with respect to plaintiff's § 1983 claims.

## AGE DISCRIMINATION CLAIM

██ Section 296 of the New York State Executive Law makes it unlawful for an employer to discriminate against an individual on the basis of age. The analytical framework for this state law claim is substantially the same as under the federal Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* The plaintiff must first make a prima facie showing of unlawful discrimination on the basis of age. *Sutera v. Schering Corp.,* 73 F.3d 13, 16 (2d Cir.1995). In order to resist defendants' motion, the allegations of plaintiff's complaint must assert a cognizable claim for age discrimination.

██ Plaintiff Stanley alleges sufficient facts to state a claim for age discrimination. He states that he was 51 years old at the expiration of his term, and that his replacement was 20 years his junior. Therefore, defendants' motion to dismiss Stanley's age discrimination claim is denied.

## CONCLUSION

For the reasons stated, defendants' motions to dismiss the complaint are granted in part and denied in part. Defendant Linda Cooper is entitled to the defense of qualified immunity and the complaint is therefore dismissed as to her. Defendant Town of Yorktown's motion is denied in all respects.

**SO ORDERED.**