**NEW YORK 10–13 ASSOCIATION, INC., et al., Plaintiffs–Appellants,**

v.

**CITY OF NEW YORK, et al., Defendants–Appellees.**

**Docket No. 01–7618.**

United States Court of Appeals, Second Circuit.

May 31, 2002.

Leon Friedman, (William F. Smith, Fury, Kennedy, Griffin & Smith, Pearl River, NY, David T. Goldberg, on the brief), New York, NY, for Appellants.

Grace Goodman, Assistant Corporation Counsel, (Michael A. Cardozo, Corporation Counsel of the City of New York, Leonard Koerner, Assistant Corporation Counsel, on the brief), New York, NY, for City Appellees.

Elliot I. Susser, Eastport, NY, for PBA Appellees.

Present WALKER, Chief Judge, JACOBS and LEVAL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiffs-appellants are 23 retired police officers of the New York City Police Department ("NYPD") of various ranks and an organization that represents the interests of retired police officers, New York 10–13 Association, Inc. In the two complaints at issue, appellants asserted on behalf of themselves and others similarly situated, respectively, 70 and 40 counts against defendants-appellees, the City of New York, the NYPD, the New York City Office of Labor Relations, and various of their officers (collectively, the "City"); the police unions of which the retirees are members, including the Patrolmen's Benevolent Association; and the Boards of Trustees of the various funds at issue. The district court dismissed most but not all of these claims in two opinions, *New York 10–13 Ass'n v. City of New York*, No.

98 Civ. 1425, 1999 WL 177442, at *19–20 (S.D.N.Y. Mar. 30, 1999), *New York 10–13 Ass'n v. City of New York,* No. 98 Civ. 1425, 2000 WL 1376101, at *15–16 (S.D.N.Y. Sept. 22, 2000)[hereinafter, respectively, *New York 10–13 I* & *New York 10–13 II*], familiarity with which is assumed, pursuant to the motions of various appellees for judgment on the pleadings and summary judgment. The district court also denied without prejudice appellants' motions for class certification. *See New York 10–13 I,* 1999 WL 177442, at *20; *New York 10–13 II,* 2000 WL 1376101, at *16. The remaining claims were withdrawn by the parties, and this appeal followed.

This dispute arises out of the administration of various benefits received by the retired police officers. The gravamen of appellants' claim, both below and here on appeal, is that "it has become standard in New York City's collective bargaining with its police unions for the parties to negotiate over and agree to diversion of moneys set aside for retirees to the payment of more generous benefits for the present employees—and that the fund trustees ... have done the other Defendants' bidding." In their two complaints, appellants sought relief under a variety of theories, including age discrimination, illegal representation, breach of state and federal fiduciary and fair representation duties, and the violation of various constitutional rights.

On appeal, appellants claim that the district court erred by (1) dismissing the Taylor law claims that the unions and the City illegally bargained on behalf of the retirees; (2) not finding that, in the course of this illegal bargaining, the appellees had breached various state law duties, including fiduciary duties and duties of fair representation; (3) finding that appellants had failed to establish standing to assert many of their claims; (4) dismissing the contract clause and takings claims; and (5) dismissing the age discrimination claims.

Reviewing the district court's judgment on the pleadings and grant of summary judgment *de novo, Sheppard v. Beerman,* 94 F.3d 823, 827 (2d Cir.1996) (judgment on the pleadings); *VKK Corp. v. Nat'l Football League,* 244 F.3d 114, 118 (2d Cir.2001) (motion for summary judgment), we affirm for substantially the reasons set forth in Judge Koeltl's thorough and thoughtful opinions.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.