LaShaun WITHROW, a/k/a Jabbar Withrow, Plaintiff,

v.

**E.R. DONNELLY, et al., Defendants.**

No. 03–CV–6283L.

United States District Court, W.D. New York.

Sept. 14, 2004.

Lashaun Withrow, Auburn Correctional Facility, Auburn, NY, for Plaintiff.

Charles D. Steinman, New York State Attorney General's Office Department of Law, Rochester, NY, for Defendants.

### DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Plaintiff, Jabbar Withrow, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants-all of whom are or were DOCS employees-violated his constitutional rights in a number of ways while plaintiff was incarcerated at Wende Correctional Facility ("Wende") in 1999 and 2000.

Defendant Thomas Schoellkopf has moved for judgment on the pleadings dismissing the claims against him.[1] Because resolution of this matter will require reference to matters outside the pleadings, defendant's motion is denied.

### DISCUSSION

A motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is analyzed under the same standard applicable to a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). *See Sheppard v. Beerman*, 94 F.3d 823, 827 (2d Cir.1996). Accordingly, judgment on the pleadings is appropriate

---

1. The remaining defendants have recently moved for summary judgment as to the claims against them. That motion will be addressed in a subsequent Decision and Order.

only if, drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that no material issues of fact need to be resolved and that the moving party is entitled to judgment as a matter of law. *Id.* In deciding a motion for judgment on the pleadings, a court may consider the pleadings and exhibits attached thereto, and statements or documents incorporated by reference in the pleadings. *See Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

Here, plaintiff alleges that Schoellkopf, a DOCS hearing officer who presided over a disciplinary hearing against plaintiff in November 2000, improperly denied plaintiff several witnesses at the hearing. At the conclusion of the hearing on November 8, Schoellkopf found plaintiff guilty of certain charges, and sentenced him to 120 days keeplock.[2] Complaint ¶ 25. Schoellkopf's decision was administratively reversed on January 18, 2001. Complaint ¶ 29. Plaintiff's confinement in keeplock, then, lasted 71 days.[3]

■ "[T]o present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Giano v. Selsky,* 238 F.3d 223, 225 (2d Cir.2001) (citation and internal quotation marks omitted). Prison discipline implicates a liberty interest when it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ Here, Schoellkopf argues that he is entitled to judgment on the pleadings because "plaintiff does not allege that he was subjected to any unusually onerous conditions beyond the fact that he was confined in keeplock status for 77 days." Defendant's Memorandum of Law (Docket # 12) at 4. Defendant contends that absent some additional egregious circumstances, confinement for a period of 77 days simply cannot, as a matter of law, amount to an "atypical and significant hardship" on the inmate.

Defendant implicitly recognizes, then, that the duration of confinement is not the only relevant factor in determining whether that confinement constitutes an "atypical and significant hardship." *See Ortiz v. McBride,* 380 F.3d 649, 654 (2d Cir.2004) ("We have said that under abnormal or unusual SHU conditions, periods of confinement of less than 101 days may implicate a liberty interest") (collecting cases).[4]

■ Although there are no bright-line rules for this inquiry, then, the Second Circuit has advised district courts to consider, in addition to the length of confinement, whether "the conditions [of confinement] were more severe than the normal ... conditions [of such confinement] ... or a *more fully developed record* showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Palmer v. Richards,* 364 F.3d 60, 65

---

**2.** Keeplock is "a form of administrative segregation in which the inmate is confined to his cell, deprived of participation in normal prison routine, and denied contact with other inmates." *Gittens v. LeFevre,* 891 F.2d 38, 39 (2d Cir.1989).

**3.** Defendant's motion states that plaintiff alleges that he was confined for 77 days. It is not clear how defendant arrived at that figure, but the discrepancy has no bearing on my decision.

**4.** The reference to 101 days relates to *Sealey v. Giltner,* 197 F.3d 578, 589 (2d Cir.1999), in which the court held that a 101–day confinement did not meet the *Sandin* standard of atypicality.

(2d Cir.2004); *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir.1999) (emphasis added).[5]

Defendant, however, has not provided any support for his assertion that plaintiff was housed under normal keeplock conditions. In addition, there is no evidence in the record as to the nature of plaintiff's confinement as compared to the ordinary conditions of prison life, administrative confinement, or protective confinement. *See Welch v. Bartlett*, 196 F.3d 389, 393 n. 4 (2d Cir.1999) ("Whether the conditions of Welch's confinement constitute an atypical and significant hardship requires that they be considered in comparison to the hardships endured by prisoners in general population as well as prisoners in administrative and protective confinement"). It is possible, then, depending on the facts, that plaintiff's confinement in keeplock could meet the *Sandin* standard of atypicality. *See, e.g., Palmer*, 364 F.3d at 66 (77–day SHU confinement could implicate due process rights where plaintiff alleged that he was deprived of his property, personal clothing, grooming equipment, hygienic products, reading and writing materials, communication with his family, personal food and vitamin supplements, and placed in mechanical restraints).

Therefore, the Court cannot decide the issue in the context of a motion for judgment on the pleadings. A more appropriate vehicle for resolution of this issue is a motion for summary judgment, where the Court may rely on matters outside the pleadings, including affidavits from persons with knowledge that address the conditions under which plaintiff was confined and how those conditions compared to conditions imposed on the general population

and similar administrative confinements. *Palmer*, 364 F.3d at 66.[6]

## CONCLUSION

Defendant's motion for judgment on the pleadings (Dkt.# 11) is denied.

IT IS SO ORDERED.

---

**5.** "SHU" refers to confinement in a Special Housing Unit. Although plaintiff here was sentenced to keeplock rather than SHU, the same reasoning applies here.

**6.** If defendant Thomas Schoellkopf does file a motion for summary judgment, plaintiff is advised that his response to that motion must be in affidavit form, sworn to under oath, and should set forth his allegations regarding the conditions of his confinement.