Robert Anthony **DEPRIMA,** Plaintiff,

v.

**VILLAGE OF CATSKILL, a municipal entity; Chief Roger Masse, Individually, and in his official capacity as Chief of Police of the Village of Catskill Police Department; Daniel Waer, Individually, and in his official capacity as a Village of Catskill Police Officer; and John Rivero, Individually, and in his official capacity as a Village of Catskill Police Officer, Defendants.**

No. 98–CV–1780.

United States District Court, E.D. New York.

June 6, 2000.

Arcus, Goldstein & Munnelly, L.L.P., Albany, New York (Kenneth J. Munnelly, of counsel), for plaintiff.

Murphy, Burns, Barber & Murphy, L.L.P., Albany, NY (Thomas K. Murphy, of counsel), for defendants.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

### I. INTRODUCTION

On November 18, 1998, plaintiff Robert Anthony DePrima ("DePrima" or "plaintiff") commenced the instant action pursuant to 42 U.S.C. §§ 1983 and 1988 alleging that the defendants violated his Fourth and Fourteenth Amendment rights. In particular, plaintiff asserts causes of action for false arrest, false imprisonment, malicious prosecution, abuse of process, excessive use of force, and discrimination, as well as various state law claims. The defendants have moved to dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6), or alternatively, for summary judgment, pursuant to Fed.R.Civ.P. 56. Plaintiff opposes. Oral argument was heard on April 13, 2000 in Albany, New York. Decision was reserved.

### II. FACTS

For certain periods of time in 1980 and 1982, plaintiff occupied the position of chief of police of the Village of Athens, New York. On April 5, 1997, he was stopped by defendant Catskill Police Officer Daniel Waer ("Officer Waer") for a traffic violation. At the time of the stop, DePrima was carrying a police badge in his wallet which indicated that he was the past chief of police of the Village of Athens. When he provided the officer with his driver's license and vehicle registration, Officer Waer noticed DePrima's badge and asked if he was "on the job." (Munnelly Aff. Ex. A at 16.) DePrima responded that he was the former chief of police for the Village of Athens and showed Officer Waer the badge. Defendant Catskill Police Officer John Rivero ("Officer Rivero") came to the scene to assist.

Officer Waer then contacted defendant Chief of Police Roger Masse ("Chief Masse"), the current chief of police for the villages of Athens and Catskill. Chief Masse directed Officer Waer to confiscate the badge, claiming that plaintiff was not allowed to carry it.[1] When plaintiff refused to relinquish the badge, Officer Waer contacted Chief Masse again, who advised him to keep plaintiff detained while he came to the scene. Chief Masse arrived at the scene approximately forty minutes later and requested that DePrima get out of his vehicle and surrender his badge, which he refused to do.

Chief Masse telephoned the Greene County District Attorney, Edward Cloke, explained the situation, and was directed to arrest DePrima for Criminal impersonation in the first degree, a class E felony. See N.Y.Penal Law § 190.26 (McKinney

---

1. In 1994, Masse confiscated a similar badge from DePrima which indicated that he was a retired chief of police. The Town Board for the Village of Athens later passed a resolution which prohibited DePrima from carrying that badge because it was "inaccurate or misleading," (Not. of Mot.Ex. E), as DePrima did not retire from the Village of Athens police department.

1999).[2] Chief Masse arrested plaintiff and with the assistance of officers Waer and Rivero, forcibly removed him from his vehicle. The charges against plaintiff were subsequently reduced to criminal impersonation in the second degree, a class A misdemeanor. *See* § 190.25.[3] After a three-day jury trial, he was acquitted. This action ensued.

## III. *DISCUSSION*

### A. *Standard of Review*

A cause of action shall not be dismissed for failure to state a claim under Fed. R.Civ.P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion brought pursuant to Fed.R.Civ.P. 12(b), the court must assume all of the allegations in the complaint are true. *Id.* In reviewing the sufficiency of a complaint at the pleading stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Where a motion to dismiss is made prior to any discovery or the filing of an answer, the court is loath to dismiss the complaint, regardless of whether the plaintiff is unlikely to prevail, unless the defendant can demonstrate that plaintiff is unable to prove facts which would entitle him to relief. *Wade v. Johnson Controls, Inc.*, 693 F.2d 19, 22 (2d Cir.1982); *see also Egelston v. State Univ. College*, 535 F.2d 752, 754 (2d Cir.1976). "This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation." *Easton v. Sundram*, 947 F.2d 1011, 1015 (2d Cir.1991) (citations omitted), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d

**2.** Section 190.26 provides that
A person is guilty of criminal impersonation in the first degree when he:
1. Pretends to be a police officer, or wears or displays without authority, any uniform, badge or other insignia or facsimile thereof, by which such police officer is lawfully distinguished or expresses by his words or actions that he is acting with the approval or authority of any police department; and
2. So acts with intent to induce another to submit to such pretended official authority or otherwise to act in reliance upon said pretense and in the course of such pretense commits or attempts to commit a felony.

**3.** Section 190.25 provides
A person is guilty of criminal impersonation in the second degree when he
1. Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another; or
2. Pretends to be a representative of some person or organization and does an act in such pretended capacity with intent to obtain a benefit or to injure or defraud another; or
3. (a) Pretends to be a public servant, or wears or displays without authority any uniform, badge, insignia or facsimile thereof by which such public servant is lawfully distinguished, or falsely expresses by his words or actions that he is a public servant or is acting with approval or authority of a public agency or department; and (b) so acts with intent to induce another to submit to such pretended official authority, to solicit funds or to otherwise cause another to act in reliance upon that pretense.

Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost*, 722 F.2d 960, 968 (2d Cir.1983).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56: *Liberty Lobby Inc.*, 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.*, 477 U.S. at 248–49, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence . . . in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1223–24 (2d Cir.1994) (citations omitted).

### B. *Excessive Force Claim*

■ Claims that law enforcement officers used excessive force in the course of an arrest "must be analyzed under the Fourth Amendment and its standard of objective reasonableness." *Anderson v. Branen*, 17 F.3d 552, 558 (2d Cir.1994) (citing *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). This standard requires evaluating whether the officers acted reasonably in light of the totality of facts and circumstances present at the scene. *Id.* at 559; *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir.1995). The key inquiry then, in proving a claim for excessive force is whether the defendants' use of force was objectively reasonable.

In the present case, DePrima alleges that the defendants reached through the window into his vehicle, grabbed and pulled his wrists, dragged him out of his car, and slammed him against the hood. The conduct alleged by plaintiff does not rise to the level necessary to sustain a claim under the Fourth Amendment. Plaintiff was not struck by any of the defendants. In addition, DePrima admits that he was not lifted and thrown against the vehicle; his feet remained on the ground while the defendants forced him to bend over the hood of the car. (DePrima Dep. at 232–33.) Moreover, plaintiff admits that after refusing to exit the car, he attempted to start his vehicle and leave the scene. *Id.* at 220–27. Therefore, plaintiff's claim of excessive use of force must be dismissed as a matter of law.

### C. *Discrimination Claim*

■ Plaintiff alleges that he "is an openly gay individual who is known in the Village of Catskill, and by defendants as such." (Compl.¶ 62.) Plaintiff claims that he was subjected to harassing and discriminatory treatment and that if the defendants had not perceived him as a gay man, he would have been treated with more dignity. *Id.* at ¶¶ 63–64. However, plaintiff has not come forward with sufficient evidence to support his discrimination claim.

DePrima claims to have heard derogatory comments about gay people made at the scene of his arrest. However, he was unable to identify the speaker or the specific words spoken. (DePrima Dep. at 236–38.) Further, plaintiff has come forward with no evidence that Chief Masse or the other defendants knew he is gay. In fact, plaintiff admitted that he never mentioned to Chief Masse that he was gay. *Id.* at 244. Finally, DePrima admitted that he did not believe that he was arrested solely because he was gay, but rather, because he was allegedly impersonating a police officer.

*Id.* at 246–47. Therefore, plaintiff has not set forth a viable discrimination claim.

### D. *Remaining Claims Against Defendants Officers Waer and Rivero*

Liability does not attach under § 1983 unless the defendant is personally involved with the alleged constitutional violation. *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995); *Pravda v. City of Albany,* 956 F.Supp. 174, 181 (N.D.N.Y.1997); *McAllister v. New York City Police Dep't,* 49 F.Supp.2d 688, 699 (S.D.N.Y.1999). The plaintiff's claims against Officers Waer and Rivero must be dismissed because the plaintiff has failed to come forward with any evidence that these defendants were directly involved in the decision to arrest and prosecute him for criminal impersonation of a police officer. The evidence demonstrates that they merely accompanied Chief Masse to plaintiff's vehicle when he arrested him.

### E. *Claims Against the Defendant Village of Catskill ("Village")*

■ In an action pursuant to § 1983, a municipality may not be held liable on a theory of respondeat superior. *See Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, a municipality may be held liable if the conduct that caused the unconstitutional deprivation was undertaken pursuant to

> a policy[,] statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers[,] ... [or] pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Id.* at 690–91, 98 S.Ct. 2018.

"Where the contention is not that the actions complained of were taken pursuant to a local policy that was formally adopted or ratified but rather that they were taken or caused by an official whose actions represent official policy, the court must determine whether that official had final policy-making authority in the particular area involved." *Jeffes v. Barnes,* 208 F.3d 49, 57 (2d Cir.2000). "[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability." *St. Louis v. Praprotnik,* 485 U.S. 112, 123, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)).

■ Whether the official in question possessed final policymaking authority is a legal question which must be determined according to state law. *See Jeffes,* 208 F.3d at 57. Further, the matter of whether the official is a final policymaker under state law is to be decided by the trial judge before the case is submitted to the jury. *Id.*

"[T]he official in question need not be a municipal policymaker for all purposes." *Id.* Rather, "he must be 'responsible under state law for making policy *in that area* of the [municipality's] business.' " *Id.* (emphasis added) (quoting *Praprotnik,* 485 U.S. at 123, 108 S.Ct. 915); *see also Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (stating that the official must "have the power to make official policy on a particular issue"). Thus, the court must ask whether the official is a final policymaker with respect to the particular issue involved in the action. *Jeffes,* 208 F.3d at 57 (citing *McMillian v. Monroe County,* 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)).

■ The defendants contend that Chief Masse's conduct cannot be attributed to the Village because the final decision to arrest DePrima was made by the Greene County District Attorney. However, Chief Masse did not give the District Attorney all of the relevant facts necessary to make an informed decision. He did not tell the District Attorney that DePrima's badge indicated his status as a past chief of po-

lice.[4] In addition, he did not inform the District Attorney that the village resolution did not specifically prohibit plaintiff from carrying *any* type of badge affiliating him with the Village of Athens police department.[5] Thus, Chief Masse cannot rely upon the District Attorney's directive to arrest DePrima to shield himself from responsibility for plaintiff's arrest. Finally, as chief of police, he is a policymaker with respect to making arrests, and therefore, his conduct can be attributed to the Village.

### F. *False Arrest, False Imprisonment, and Malicious Prosecution Claims*

■ Claims for false arrest and unlawful detention, are premised on a lack of probable cause for the arrest and detention. *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Cameron v. Fogarty,* 806 F.2d 380, 386 (2d Cir. 1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). "Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that an offense has been committed by the person to be arrested." *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir.1991), *cert. denied sub nom. Lillis v. Golino,* 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992). "To prevail on a claim of malicious prosecution, four elements must be shown:

**4.** According to District Attorney Cloke, the Chief told him that "plaintiff had displayed a gold police badge which bore the words 'Village of Athens' and 'Police Chief,'" (Cloke Aff. ¶ 3.)

**5.** Chief Masse told the District Attorney "that the Village of Athens Board of Trustees passed a resolution revoking plaintiff's authority to possess such a badge." *Id.*

**6.** The village resolution stated
BE IT RESOLVED that,
WHEREAS Mr. R.A. DePrima had in his possession an identification card indicating his status as Chief of the Athens Village Police Department, and a badge indicating his status as retired Chief of the Athens Village Police Department, and

(1) the defendant initiated a prosecution against plaintiff, (2) *without probable cause* to believe the proceeding could succeed, (3) the proceeding was begun with malice, and (4) the matter terminated in plaintiff's favor." *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 130 (2d Cir.1997) (emphasis added).

■ In the present case, there is a genuine issue of material fact regarding whether probable cause existed to arrest DePrima for impersonating a police officer. At the time of his arrest, the badge he was carrying clearly indicated that he was the *past* chief of police, which was factually accurate. In addition, the evidence demonstrates that plaintiff did not attempt to use the badge to obtain favorable treatment, nor did he attempt to act as a police officer.

Defendants' reliance upon the village resolution as justification for arresting DePrima for impersonating a police officer is misplaced. First, plaintiff was not charged with violating the resolution. He was charged under the New York State Penal Law with the felony of impersonation for carrying a badge which stated that he was the past chief of police. Second, the resolution itself did not prohibit DePrima from carrying a factually accurate badge which stated that he was the past chief of police.[6]

WHEREAS the badge and identification card are inaccurate or misleading; and
WHEREAS the purported grant of permission to carry same by then Mayor Scott by letter dated July 20, 1982, is invalid, as not authorized by the Board of Trustees at the time and as attempting to bind the power, authority and discretion of subsequent administrations;
IT IS HEREBY RESOLVED that Mr. R.A. DePrima shall not continue to possess the aforesaid badge and identification card; and it is further Resolved without acknowledging or conceding the validity of such permission, that the proported (sic) permission granted by then Mayor Scott is hereby revoked.
(Notice of Mot.Ex. E.)

Defendants' reliance on the directive from the Greene County District Attorney to arrest the plaintiff is also rejected. As previously discussed, Chief Masse never told the District Attorney that DePrima's badge merely stated his status as the past chief of police, nor that the village resolution did not specifically prohibit plaintiff from carrying any type of badge affiliating him with the Village of Athens police department. Thus, the District Attorney was not in possession of all of the relevant information necessary to make an informed decision to arrest.

### G. *Qualified Immunity*

Chief Masse contends that he is protected from liability under the doctrine of qualified immunity. "The doctrine of qualified immunity shields police officers acting in their official capacity from suits for damages under 42 U.S.C. § 1983, unless their actions violate clearly-established rights of which an objectively reasonable official would have known." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir.1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Ricciuti*, 124 F.3d at 127). A decision in favor of a public official based on qualified immunity is appropriate if: (1) the conduct attributed to him is not prohibited by federal law, or, if such conduct is so prohibited; (2) if the plaintiff's right not to be subjected to such conduct was not clearly established at the time of the defendant's actions; or (3) if it was not objectively reasonable for the official to know that his conduct violated that right. *See X–Men Sec., Inc. v. Pataki*, 196 F.3d 56, 65–66 (2d Cir.1999); *see also Thomas*, 165 F.3d at 142–43. "The objective reasonableness test is met ... if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." *Thomas*, 165 F.3d at 143 (quoting *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir.1995)) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

The Chief is not entitled to qualified immunity in this case. Under the circumstances in this case, it was not objectively reasonable for him to believe that DePrima was impersonating a police officer. The badge was factually accurate and there is no evidence that plaintiff attempted to use his badge to obtain favorable treatment or induce another to submit to his purported authority. *See* Penal Law §§ 190.25, 190.26. Defendants' reliance on the village resolution as justification for arresting plaintiff is rejected for the reason previously discussed. *See supra* p. 81.

### H. *State Law Claims*

Under New York State law, no action may be commenced against a municipality or its employees unless a Notice of Claim is served upon the municipality within ninety days of the date of the incident giving rise to the claim. *See* N.Y.Gen. Mun.Law §§ 50–e, 50–i(1) (McKinney 1999). In addition, a plaintiff must allege compliance with such notice requirements in the complaint. § 50–i(1)(b).

In the present case, the complaint does not allege that a Notice of Claim was ever served upon the Village, nor does plaintiff make any contention that he served such notice. Therefore, plaintiff's state law claims must be dismissed for failure to serve a Notice of Claim.

### IV. *CONCLUSION*

Based upon the foregoing, it is

ORDERED, that

1. Defendants' motion to dismiss or alternatively for summary judgment is GRANTED in part and DENIED in part;

2. Defendants' motion is GRANTED to the extent that

   a. All claims against defendants Village of Catskill Police Officers, Daniel Waer and John Rivero are dismissed;

   b. Plaintiff's causes of action for excessive use of force and discrimination

are dismissed for insufficient evidence;

c. Plaintiff's state law claims are dismissed for failure to file a Notice of Claim.

3. Defendants' motion is DENIED with respect to plaintiff's claims against defendant Chief of Police Roger Masse and the Village of Catskill for false arrest, false imprisonment, and malicious prosecution.

IT IS SO ORDERED.